Staples, J.
This is a writ of error to a judgment of ithe District court at Williamsburg, affirming a judgment ■of the .Circuit court of the' city of. Richmond. The .action was instituted to recover one-half the amount paid ;by the plaintiff in error,'who was plaintiff in the court helow, for the loss , and expense arising from a, resale of a house and lot in the city of Richmond. The plaintiff *680 alleges an agreement between, himself and the defendant, by which they were to become the joint and equal purchasers of this property; that in execution of this-agreement he bid for and becarnethe purchaser, andfully complied with all the terms and conditions of sale, so far as was encumbent upon him; but that the defendant refused to perform his part. of the contract; in consequence of which it became necessary- to resell the house- and lot; that the loss and expense attending this resale amounted to a considerable sum, which the plaintiff had paid to the owners of the property ; and for one moiety of which defendant was responsible to him.
That the contract as stated, is within the statute of frauds and perjuries is well settled, upon the authority of numerous cases. The decision of this court in Henderson v. Hudson, 1 Munf. 510, is directly in point. In that case Chancellor Wythe decided that the statute applied to contracts, and actions upon them, between the buyers- and sellers of land ; and not to a contract between the purchaser and a third person, that such person shall be admitted as a partner in the'purchase. This court, however, reversed the decision. Judge Fleming, with whom the other judges concurred, said that although the contract was not between the buyer and seller, yet it was within the mischief intended to be guarded against by the statute, which being a remedial one, and intended to-prevent a growing evil, ought to be liberally coustrued. The cases of Cooke v. Toombs, 2 Anstruther’s R. 429; Henley v. Brown, 1 Stewart (Alab.) R. 144; Parker's heirs v. Bodley, 4 Bibb’s R. 102; affirm the same doctrines. It is true that in Henderson v. Hudson, the application was for a conveyance of land by a person claiming to be a purchaser, but it is clear that the same principles apply whether the vendor or vendee be the party complaining; whether the proceeding be by bill in equity -or by action at law upon the contract.
The next and. only question to be considered is, *681 whether the alleged contract is evidenced by a writing sufficient to take the case out of the operation of the statute of frauds and perjuries. It is now well established, that in sales of real estate, at public auction, the auctioneer conducting the sale is to be regarded as the agent of both vendor and purchaser; and a memorandum of the terms and conditions of sale signed' by him, is a sufficient writing within the statute.
Does this case come within the operation of this principle. It appears that at the time of the sale, or immediately thereafter, a memorandum was made by MessrsGoddin & Apperson, the auctioneers, in which Isaac W. Walker, the plaintiff, is stated tobe the purchaser. Subsequently, the terms were written out upon the sales-books of said auctioneers, and the name of the plaintiff again recorded as the purchaser. The day after the sale, the name of the defendant was added to the statement on the sales book, in pencil, as. a purchaser also. This addition, however was not made by the auctioneers, but by a member of the firm who was not present at the sale, and who had no -information of its terms, or the purchaser, except what was derived from others. It does not appear at whose instance he made the addition ; certainly not that of the defendant himself; as it is in proof that the person making the entry never had any conversation with the defendant on the subject of the sale. It will thus be perceived that the memorandum, so far as it affects the defendant, was not made contemporaneously with the sale, nor was it made by the persons conducting it; but by one who was absent when it took place, and who was in no manner authorized by the defendant to attach his signature to any writing or contract whatsoever.
There is no express decision upon the point by a Virginia court; but in a careful examination' of authorities elsewhere I have found no case which holds that a memorandum drawn up and sigued by the auctioneer,. *682 long after the sale is completed and.ended, is to be regarded as a writing within the meaning of the statute of frauds and perjuries so as to bind a purchaser at such sale. ‘With regard to the seller the rule may be different. The auctioneer is his agent, selected and remunerated by him, acting in his interests, and in a measure subservient to his wishes. The agency maybe justly regarded .■as continuing until the close of the whole transaction. •The purchaser, on the other hand, has nothing to do with the selection or the employment of the auctioneer. The agency created by him commences with the' bidding. ■.aad terminates when the sale is concluded.
In McComb v. Wright, 4 John. Ch. R. 659, Chancellor Kent uses the following language : “It appears now to he settled by the English authorities, that the auctioneer is a competent agent to sign for the purchaser, whether a sale of lands or goods at auction, and the insertion of his name as the highest bidder in the memorandum by the'auctioneer, immediately on receiving his hid and striking down the hammer, is a signing .within the statute as to the purchaser.” In support of this position he cites many cases, English and American, and in all of them the immediate signing of the memorandum of the terms, and of the name of the purchaser is prominently mentioned as one of the material elements of a •valid contract.
In Smith v. Arnold, 5 Mason’s C. C. R. 414, Mr. Justice Story says, “the memorandum of the auctioneer to bind the purchaser must he contemporaneous with the sale.”
In Gill v. Bicknell, 2 Cush. R. 355, Judge Shaw says, •“ the name of the bidder must he entered by the auctioneer, or by his clerk under his direction, on the spot.”
In the case of Horton v. McCarty, 53 Maine R. 394, Kent, J., says, “ The law in allowing the auctioneer to act in the nearly unprecedented relation of agent for •both parties, imposes a qualification not applied to the *683 usual cases of agency, and requires that the single act for which, almost from necessity, he is authorized to perform for the buyer, shall be done at tbe time of sale,' and before the termination of the proceedings.”
The case of Mews v. Carr, 1 Hurlst. & Norm., 1 Excheq. R. 484, presents a very striking illustration of this rule. There the plaintiff put up for sale by public auction, a quantity of lumber, several bills of which remained unsold. A few days afterwards the defendant called on the auctioneer, and selected from the catalogue two of the unsold lots, which he agreed to purchase ; and thereupon the auctioneer, in the presence of the defendant, wrote his name on the lists opposite the lots so "purchased. Pollock, Ch. B., said, “no doubt an auctioneer at the sale is agent for both seller and buyer, so as to bind them by his signature ; but the moment the sale is over, the same principle does not apply, and the auctioneer is no longer the agent of both parties, but of the seller only.” Buckmaster v. Harrop, 13 Vesey R. 456; Entz v. Mills & Beach, 1 McMul. R. 454, are to the same effect.
Tested by these principles, it is manifest that the contract here cannot be enforced. It does not appear that the auctioneers were even informed at the time of the sale, or during the day, that the defendant was a bidder, or in any manner interested in the purchase. The entry of the defendant’s name was made by a member of the firm, who was not present at the sale, and who was neither expressly nor impliedly authorized by defendant to act as his agent, or bind him in. any manner whatever.
The principle of all the cases is, that the auctioneer at the sale is the agent; that the purchaser by the act of bidding calls on him or his clerk to put down his name as the purchaser'. The entry being made in his presence, is presumed to be made with his sanction, and to indicate his approval of the terms thus written down. In *684 such case there is but little danger of mistake or fraud. But if a third person, not present, or even the auctioneers, may afterwards add the name of another purchaser, they may strike out the name already inserted, and substitute that of a new and different purchaser. They may defeat rights already vested. They may impose liabilities never contracted. The party to be charged may thus be held liable by a writing he néver saw, signed by an agent of whom he never heard. For as the memorandum in these cases is the only evidence of the contract, no parol testimony can be received to show that the terms had not'been truly and correctly stated. The rule applicable to auctioneers’ sales was not established without strong'opposition from able jurists. Every principle of justice and sound policy requires that the limitation thrown around them should be rigidly adhered to by the courts.
There are other questions presented by the record; but it is unnecessary to notice them. For the reasons stated, I am of opinion the judgment of the District court should be affirmed.
The other judges concurred'in the opinion of Staples, J.
Judgment affirmed.