## Nicholas D. Kenniston vs. Luther Blakie.

Middlesex.    January 10, — 11, 1877.    Colt & Ames, JJ., absent.

A. agreed to purchase a house of B., by paying a certain sum in cash, assuming a mortgage on the premises, and giving a mortgage for the rest of the purchase money. B. agreed to give A. a deed free from incumbrances, although there were certain restrictions on the land, which he mentioned. A. paid the cash, took possession of the house, and asked B. to prepare the papers. B. drew up the deed, which recited the restrictions and the mortgage, and gave them to A., unexecuted, for his examination. A. objected that the mortgage was not drawn as agreed, but made no objection to the deed. A. refused to return the papers to B., and, when ordered by B., left the house, and brought an action for the money paid by him in cash. The judge, who tried the case, without a jury, found as a fact, that the mortgage was executed in accordance with the agreement, and ruled that A. could not recover. *Held*, that the judge was warranted in finding that A. had waived all objections to the deed, and had unjustifiably refused to carry out the contract, and that no error of law appeared.

Contract to recover $500, money had and received by the defendant to the plaintiff's use, and also $5, the price of a carriage robe sold by the plaintiff to the defendant. Writ dated March 5, 1875. Trial in the Superior Court, before *Putnam*, J., without a jury, who allowed a bill of exceptions in substance as follows:

On October 9, 1874, the parties entered into a mutual parol agreement, by which the defendant was to sell, and the plaintiff was to purchase, a dwelling-house belonging to the defendant, upon these terms: The plaintiff was to pay to the defendant the sum of $5500 for the house, $500 in cash, assume a mortgage of $3000 then existing on the house, and give to the defendant a second mortgage for the remaining $2000. The defendant was to give a warranty deed of the house, free from all incumbrances, excepting the mortgage of $3000. The plaintiff paid the $500 on October 30, 1874, and at the same time requested the defendant to make out the papers, to which the defendant replied, that he would do so and would bring them in. On the same day the plaintiff, with the consent of the defendant, entered into possession of the dwelling-house. On December 5, 1874, the defendant left with the plaintiff for his examination a deed of the premises, with a mortgage back of the same for $2000. The papers were not executed, but were only left with the plaintiff

for his examination. Two days afterwards, the defendant met the plaintiff and asked him if he was ready to have the papers executed. The plaintiff replied that he was not, as the mortgage was not drawn according to agreement. He made no other objection to the papers. The same day the defendant called upon the plaintiff, and asked for the papers, but the plaintiff stated that they were not in his possession, and did not give them to him, and never returned them to the defendant prior to the bringing of this action. There was conflicting evidence as to whether the mortgage was drawn according to the terms of the contract between the parties, but the judge found as a fact that it was drawn in accordance with the contract, and was one which, by the terms of the contract, the plaintiff was bound to execute. The premises were not free from incumbrances, for there existed certain restrictions upon the land, which were mentioned by the defendant to the plaintiff, but the defendant agreed to give him a deed free from all incumbrances excepting the first mortgage of $3000. The deed, which he left for the plaintiff's examination, recited, in addition to this mortgage, the fact of these restrictions. The plaintiff made no objection to the deed nor to the restrictions, and never notified the defendant that the deed was not acceptable to him, or returned the deed to him, or asked for another deed. After the refusal by the plaintiff to return the papers to the defendant, nothing was done or said by or between the parties until December 10, 1874, when the defendant sent the following written notice to the plaintiff: " Cambridgeport, December 10, 1874. N. D. Kennison, Sir: You have failed to comply with the terms of sale of house No. 99 Inman Street. Unless you comply with said terms on or before Saturday, December 12, 1874, I shall consider that you have given up the contract, shall hold you liable for all damages caused to me by your failure to comply with its terms, and I further hereby notify you to leave said house on or before Tuesday next. Luther Blakie." Nothing was done by the plaintiff by way of answering this communication, but on January 1, 1875, he left the house. He never paid or offered to pay any rent for the premises, and made no demand upon the defendant for the $500 before bringing this action.

Upon these facts the judge found that the plaintiff was not entitled to recover the $500, but was entitled to recover $5 for the robe, and ordered judgment accordingly. The plaintiff alleged exceptions.

*W. H. Martin*, for the plaintiff.

*J. W. Hammond*, for the defendant.

By THE COURT. Upon the facts of the case, as reported in the bill of exceptions, it being found that the plaintiff did not object to the form or the want of execution of the deed prepared by the defendant, and that the mortgage, to which the plaintiff objected, was in the form agreed on, the judge was warranted in finding that the plaintiff had waived all objections to the deed, and had unjustifiably refused to carry out the contract between the parties. It does not appear that any question of law was decided erroneously. *Exceptions overruled.*