## CLEARY v. FOLGER.

### No. 15,103; August 10, 1893.

#### 33 Pac. 877.

**Vendor and Vendee—Rescission.—Where the Vendee of Land Notifies** the vendor that he cannot and will not complete the purchase, the vendor need not offer to perform, and by failing to do so does not authorize the vendee to consider the contract as rescinded, so that he can recover the payments made by him.

**Appeal—Law of Case.—The Fact That on an Appeal** from a judgment of nonsuit the court treats certain facts as established does not make these facts the law of the case, so that defendant cannot on a new trial prove a different state of facts.

**Nonsuit.—A Judgment Against Plaintiff at the Close** of his evidence on the ground that he has not made out his case is a judgment of nonsuit, though part of the evidence introduced by him was a stipulation with defendant which provided that it could be used as evidence by either party.

**Specific Performance—Damages.—The Withdrawal of Defendant's Cross-bill** for specific performance would not estop him to claim damages under the prayer of his answer.

**Vendor and Vendee.—Allowing Defendant to Prove Damages** because of plaintiff's failure to complete his purchase is harmless error where he was not allowed to recoup for the reason that plaintiff did not make out his case, and there was therefore nothing against which defendant could recoup.

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by Michael Cleary against J. A. Folger, Jr., to recover an installment paid on a contract for the purchase of land. Judgment for defendant. Plaintiff appeals. Affirmed.

B. McFadden for appellant; R. M. Fitzgerald and F. S. Stratton for respondent.

TEMPLE, C.—This is the second appeal in this case: Cleary v. Folger, 84 Cal. 316, 18 Am. St. Rep. 187, 24 Pac. 280. The former appeal was from a judgment of nonsuit, and the judgment was reversed and the cause remanded for trial. In the lower court the defendant amended his answer, adding a claim for recoupment against the demand of plaintiff. On the last trial the defendant proved and the court found that before the time for performance arrived, according to the terms of the contract, plaintiff had notified defendant that he could not and would not complete the purchase or pay anything further on account thereof. The court therefore held that defendant was excused from offering to perform, and had not made default, and had not, therefore, authorized plaintiff to consider the contract rescinded. The evidence justified this conclusion, and, of course, it follows that plaintiff cannot maintain his action.

The appellant contends that certain facts were considered by this court as established on the first appeal, and that it was error to allow such facts to be controverted at the trial, as they had become the law of the case. But in this contention appellant's counsel entirely misapprehends what is meant by the "law of the case." That doctrine is merely that when this court has decided that from the facts presented by the record certain legal conclusions follow, such legal conclusions must be accepted by the parties upon a retrial, if the same facts are again established. This will not prevent the par-

ties, however, from proving an entirely different state of facts upon the retrial, and, in so far as the facts proven are different, the case will not be controlled by the first decision. As the first appeal was from a judgment of nonsuit, which this court held was erroneous, it would necessarily follow that the defendant should then have an opportunity of putting in his case. The former decision was merely that, taking plaintiff's evidence as true, it made a prima facie case for plaintiff. But plaintiff maintains that the first judgment was not a judgment of nonsuit, because, he says, plaintiff put in evidence a stipulation as to certain facts, in which it was stipulated that it could be used by either party. This, he says, constituted evidence for the defendant, which he claims would prevent a nonsuit and necessitate a judgment on the merits. Conceding the rule to be as claimed, still there is nothing in this contention. All the evidence put in by plaintiff is available to defendant as evidence for him, and it makes no difference whether plaintiff proves his case by testimony or by admissions and stipulated facts. If, when he has put it in, it does not make out his case, a nonsuit is proper. The first judgment was strictly a judgment of nonsuit.

On the last trial defendant put in evidence tending to show damage because of the failure of plaintiff to complete the purchase. This was objected to by plaintiff, and is here assigned as error. Counsel says he cannot comprehend how damages can be recovered for the breach of a stipulation in a contract which has been canceled by mutual consent or has been abandoned by both parties. How can there be a right of action upon a contract which has become nonexistent, and when, because it has become nonexistent, payments made upon it are without consideration, and may, therefore, be recovered as money had and received to the use of the payer? Of course, under such circumstances, no such action could be maintained, and I think it hardly fair to say that it has ever been so held in any authoritative decision. No such claim was asserted on the former appeal, and no such question was before the court. The remarks alluded to were evidently made in momentary forgetfulness of the main idea advanced in the opinion, to wit, that the contract had been abandoned and canceled. In none of the subsequent cases in which the suggestion is cited with apparent approval was any such

question involved, and all that is said is plainly obiter: See Drew v. Pedlar, 87 Cal. 443, 22 Am. St. Rep. 257, 25 Pac. 749; Newton v. Hull, 90 Cal. 487, 27 Pac. 429; Phelps v. Brown, 95 Cal. 572, 30 Pac. 774. In each of these cases the citation is rather to the doctrine, coupled with the statement in regard to recoupment, to the effect that, when both parties have failed to perform the contract, either may elect to consider it rescinded and recover moneys paid upon it. But if such be the law of this case, it would justify the admission of the evidence complained of, unless there be other grounds of objection. Plaintiff claims that such ground there is, because the defendant had by consent dismissed a cross-complaint, in which he asked for specific performance of the contract, each party paying his costs; and he cites as authority for the proposition Merritt v. Campbell, 47 Cal. 542, and Parnell v. Hahn, 61 Cal. 131. Notwithstanding these authorities, I think it is at least doubtful whether the mere withdrawal of the claim to equitable relief under the circumstances can operate as an estoppel upon defendant's right to claim damages. It left defendant still an answer in which he claimed damages, to wit, the installment paid. In one point of view the decision may be understood as holding that, while defendant cannot retain the installment as liquidated damages, he may retain sufficient to cover actual damage. But defendant did not recover any damage under this plea, the court holding that the agreement had not been canceled or abandoned, and that, therefore, plaintiff could not recover the installment paid, and there was, therefore, nothing against which a recoupment could be made. It would seem to follow that before plaintiff can complain of this evidence as injurious error he must show his right to recover the money he had paid. As we have seen, he did not make out such a case, and therefore, whether the ruling were right or wrong, he was not injured. I think the judgment and order should be affirmed.

We concur: Vanclief, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.