THOMAS MALOY v. DANIEL H. MUIR ET AL.

FILED JUNE 5, 1901. No. 9,751.

Commissioner's opinion, Department No. 2.

1. Vendee in Default: RIGHT OF ACTION. A vendee in a contract for the sale of lands, which provides for the forfeiture to the vendor of all payments made as liquidated damages in case of default in any of the payments and for the right of the vendor to rescind the contract on such default, can not, while so in default, maintain an action against the vendor to recover back money paid in part performance of said contract on the ground of a rescission of the contract by the vendor. *Eaton v. Redick*, 1 Nebr., 305, distinguished.

2. Evidence: JUDGMENT. Evidence examined, and *held* to sustain the judgment of the trial court.

ERROR from the district court for Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*Halleck F. Rose*, for plaintiff in error.

*Frank Irvine* and *John P. Maule, contra.*

Argued orally by *Frank Irvine*, for defendants.

OLDHAM, C.

This was a suit to recover back money paid in part performance of a land contract. The facts are that on the first day of September, 1890, Thomas Maloy, herein styled the plaintiff, entered into a contract with Daniel H. Muir and Abraham L. Hoover, herein styled the defendants, for the purchase of two lots in Arlington Heights, an addition to the city of Lincoln, Nebraska, for the sum of $500. The contract entered into provided for payments to be made in sums of $125 each, the last one of which was due on the first day of September, 1893. The contract contained a provision that in case of the failure of the plaintiff to make either of the payments or perform any of the covenants on his part, the contract should, at the option of the defendants, be forfeited and determined and that the plaintiff should forfeit all payments made by him on the contract and that all such payments so made should be retained by the defendants in full liquidation of damages sustained by them and that they should have the right to re-enter and take possession of the premises. The plaintiff made payments on this contract in the sum of $290, the last payment having been made on the first day of January, 1892. He then made default in his payments and has never tendered any further payments since the time of his default. It appears from the pleadings and evidence introduced below that at the time this contract was entered into by the defendants there was a mortgage for a large sum of money on the entire Arlington Heights addition in which these two lots were situated; that this mortgage had been executed to one Charles E. Perkins by the defendants as a part of the purchase price of the land on

10

which this addition was laid out; it also appears that the defendants had an agreement with said Perkins that upon the payment of $100 to him he, Perkins, would release any lot in the addition from the lien of the mortgage. It also appears that on the 29th day of June, 1895, the defendants conveyed their interest in the entire addition to Charles E. Perkins in payment of the remainder then due on the mortgage, and that this conveyance included the two lots in dispute. It also appears from the testimony and findings of the court below that Charles E. Perkins agreed, as a part of the purchase price of this conveyance, that he would fulfill all contracts which defendants had made for the sales of lots in this addition; it also appears from the testimony and findings of fact of the lower court that plaintiff Maloy was informed of this arrangement by the defendant Hoover before the bringing of this suit. At the trial below defendants had procured a warranty deed from Charles E. Perkins for the lots in dispute and tendered this deed to plaintiff in open court on condition that he, plaintiff, would pay the balance of the purchase money. Under these issues the court found for the defendant and dismissed plaintiff's petition and further decreed that the defendant might deposit the deed to plaintiff with the clerk of the court and that the plaintiff might pay into court the amount due upon the contract within twenty days, in which event the clerk should deliver to him, plaintiff, the deed; and if default in such payment was made the contract was declared forfeited. From this judgment and decree plaintiff brings error to this court.

The sole reliance of the plaintiff in this case for a right of recovery is based on the doctrine announced by this court in the early case of *Eaton v. Redick*, 1 Nebr., 305. In that case the vendee had made a first payment on a land contract and had executed four promissory notes due in three, six, nine and twelve months each for the remainder. After default had been made in the payment of the notes first maturing, but before the last one was

due, the vendor rescinded the contract by conveying the property to a stranger. In this case it is held that this act of the vendor was a rescission of the contract by the vendor and that the vendee was entitled to recover back the money he had paid in part performance of this contract. No right of rescission by the vendor, in default of the payment of any of the installments of the purchase money, appears to have been provided for in the contract; at least no such a condition is discussed in the opinion. Hence, it is fair to presume that such a condition did not exist. This case was decided on the theory that the act of the vendor in conveying to a stranger had put it beyond his power to comply with the contract, and in this particular case this conclusion of fact was no doubt well founded. But in the case at bar the facts as found by the trial court clearly show that the defendants, by their conveyance to Perkins, never put it out of their power to perform their part of the contract in issue. This was clearly demonstrated by the fact that they produced a deed from Perkins to the plaintiff and tendered it to him at the trial.

While the case of *Eaton v. Redick, supra,* has never been overruled by this court, yet in the later case of *Patterson v. Murphy,* 41 Nebr., 818, referring to this case the court says: "We cannot believe that the opinion in the case just referred to is a correct statement of the law applicable to all cases embraced within the language employed." In this later decision the rule was announced that should control the decision of this case when the court said: "Where a vendee had failed to perform according to the terms of a written executory contract for the purchase of real property, and the vendor, as was his contract right, has rescinded such contract, the vendee cannot maintain an action against the vendor for payments already made," etc.

It would seem that the trial court in finding generally for the defendant had acted in harmony with this rule.

Complaint is made of the decree of strict foreclosure

of the contract which followed the general finding for the defendant, but we do not think it necessary to examine into the merits of this complaint as there is no way in which this decree could have been prejudicial to the plaintiff. He had clearly forfeited all of his rights under the contract and if the court saw fit to still give him an opportunity to avail himself of the benefits of the contract which he had broken, it is not for him to complain of the court's liberality in this particular. It is therefore recommended that the judgment of the lower court be affirmed.

POUND and SEDGWICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.