## KRISKY *v*. BRYAN.

[No. 9,210. Filed February 13, 1917.]

VENDOR AND PURCHASER.—*Contract for Sale of Realty.—Forfeiture
for Nonpayment of Installments.*—Where a contract for the sale
of land stipulated that the purchaser should pay the purchase
price in monthly installments and expressly made time in the
payment of deferred installments material and of the essence of
the contract, and it contained a forfeiture clause requiring the
purchaser to make his payments at the times specified to pre-
vent a forfeiture of the money paid, his failure to make pay-
ments for more than a year without any fault of the vendor.
entitled the latter to treat such failure as an abandonment and
to forfeit the contract, so that the purchaser, in an action for
money had and received, could not recover the money paid on
the contract, even though he made a belated tender of the unpaid
portion of the purchase price and demanded a deed.

From Lake Superior Court; *John M. Stinson,* Special
Judge.

Action by Louis A. Bryan against Joseph Krisky. From
a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Sheehan & Lyddick,* for appellant.

*Otto J. Bruce, William H. Matthew* and *W. Vincent
Youkey,* for appellee.

IBACH, J.—On May 18, 1907, appellee entered into an
agreement with appellant for the sale of a lot in the city
of Gary, Indiana. The agreement is in the following lan-
guage:

"This agreement made and entered into this 18th day
of May, 1907 between Louis A. Bryan of Gary, Indiana,
hereinafter referred to as Bryan of the first part and
Joseph Krisky of Bridgeport in the county of ———

in the state of Ohio, witnesseth: That the said Bryan agrees to sell and the said party of the second part agrees to purchase one full town lot (here follows description), for $700 with interest at 6 per cent. from date until paid, upon the following conditions: That said Bryan agrees to deliver a warranty deed when the said party of the second part shall have paid the above named sum in manner as follows, to-wit: $250.00 cash, the receipt of which is hereby acknowledged, and also make 18 monthly payments of $25.00 each with interest, to the duly authorized agent of said Bryan, and the said party of the second part agrees to pay without notice the said above named sum in the manner and at the times aforesaid; that should the payments aforesaid be and remain unpaid as herein provided for two consecutive months, then this contract shall at once cease and determine and all moneys paid theretofore by the said party of the second part to the said Bryan shall be forfeited to the use of the said Bryan as ascertained and liquidated damages. And it is hereby stipulated and agreed that time shall be of the essence of this contract and of all the conditions thereof.''

Appellant defaulted in the payments, and he brings this action to recover the money paid by him on the contract. The complaint was in two paragraphs and both were for money had and received. In the second paragraph appellant has set out in full the written contract and has further alleged: ''That he had failed to make any payment on the contract after March 31, 1908, until May, 1909, when he offered to pay and tendered to appellee the amount due on the contract; that Bryan refused to accept the money and cancelled and attempted to forfeit said contract and the money paid in thereon and kept said money and refused to give appellant a deed to said lot and refused to return the money paid in although demanded so to do.'' Following these averments is a demand for judgment for a sum equal to the payments made. Issues were joined by answer in general denial. A trial by the court resulted in judgment for appellee. The overruling of appellant's motion for a new trial is assigned as error and relied on for reversal.

Under this assignment appellant has challenged the sufficiency of the evidence to support the judgment.

"As a general rule where there has been no rescission, and no cause for the rescission of the contract exists, there can be no recovery by the vendee of partial payments made thereunder. The cases in which the vendee is allowed to recover back money paid on a contract for the purchase of real estate, where it has been rescinded, may be generally classified, as where the rescission is by mutual consent; where the vendor fails to perform; where there is fraud in the contract; where by the terms of the contract the purchaser may rescind, and where both parties are in default in performance. If the vendor is in no default, and the vendee is, no recovery may be had." 29 Am. and Eng. Ency. Law (2d ed.) 727.

Appellant contends, in effect, that the act of appellee in forfeiting the contract was wholly unauthorized and without any justification whatever and, therefore, the payments made by appellant were unlawfully withheld by appellee.

By the express terms of the contract, time in the payment of deferred payments of the purchase price is made material and of the essence of the contract. The contract also contains a forfeiture clause which requires appellant to make his several payments at the times specified to prevent a forfeiture. It is admitted by appellant in his brief, and the evidence shows conclusively that he failed to make any of his deferred payments for more than a year, when he tendered the balance of the purchase price and demanded a deed of appellee. It is also apparent from the evidence that the failure to pay according to the terms of the contract was not due to any fault or conduct of appellee. In *Glock* v. *Howard, etc., Co.* (1898), 123 Cal. 1, 55 Pac. 713, 69 Am. St. 17, 43 L. R. A. 199, the status of a defaulting purchaser under a contract for the sale of real estate is fully discussed, and the rule declared that such a purchaser, who, without excuse, failed to make payment of installments as they fell

due cannot by a belated tender put the seller in default and thus establish a right to recover the sums paid under the contract.

Under the evidence in this case appellee had the right to treat appellant's failure to meet his payments at the stated times as an abandonment, and when he forfeited the contract he was acting entirely within its terms and wholly within his legal rights, and therefore appellant could not recover the money paid. Warvelle, Vendors (2d ed.), 835, 836; *Glock* v. *Howard, etc., Co., supra*; *Maloy* v. *Muir* (1901), 62 Neb. 80, 83, 86 N. W. 916; *Satterlee* v. *Cronkhite* (1897), 114 Mich. 634, 72 N. W. 616; *Wheeler* v. *Mather* (1870), 56 Ill. 241, 8 Am. Rep. 683; *Rounds* v. *Baxter* (1827), 4 Me. (4 Greenl.) *454, *457; *Coughran* v. *Bigelow* (1893), 9 Utah 260, 34 Pac. 51; *Dana* v. *St. Paul Investment Co.* (1889), 42 Minn. 194, 44 N. W. 55; *Whiteman* v. *Perkins* (1898), 56 Neb. 181, 76 N. W. 547.

As before indicated this is an action for money had and received. We do not hold, nor mean to be understood, that the rules stated cover the entire subject-matter. There may be cases where the principles of equity are invoked that would entitle the vendee to other relief, but the vendee must always show equitable grounds for relief before equity will interpose. Pomeroy, Eq. Jurisp. (2d ed.), §455; *Glock* v. *Howard, etc., Co., supra.*

In the case last cited the facts were very similar to the case at bar, and in conclusion the court said: "The payment of the final amount under the contract, at the time and in the manner agreed upon, was a condition precedent to the right of the vendee to demand a conveyance. Upon his failure to make payment the vendee committed a breach, and no affirmative act upon the part of the vendor was necessary to bring about this result. Months after, and without any equitable showing to relieve the default, the vendee makes tender, and because of its refusal claims the right of recovery. But the vendor, in refusing to accept the tender and

to repay the money, is neither violating his contract nor rescinding it, nor treating it as at an end. He is standing squarely upon its terms.''

Judgment affirmed.

Note.—Reported in 115 N. E. 70. Vendor and purchaser, sale of realty, default by purchaser, vendor's right to possession, 107 Am. St. 722; 39 Cyc 2025.