HAWKINS ET AL. *v.* ROBERTSON.

[No. 11,367. Filed February 14, 1923. Rehearing denied May 11, 1923. Transfer denied October 12, 1923.]

LOGS AND LOGGING.— *Conditional Sale.— Forfeitures.— Recovery of Payments by Purchaser.*—A purchaser of timber under a conditional sale contract which provided that upon the default of payments by the purchaser, the vendor should have the right to declare the instrument forfeited and repossess the timber or manufactured products therefrom, and on the exercise of such option "all rights of grantee shall cease and terminate," but which contained no provisions for the forfeiture of payments made in the event of default, *held* the purchaser entitled to recover the payments made prior to the forfeiture declared by the vendor.

From Lawrence Circuit Court; *James A. Cox,* Judge.

Action by Clyde Robertson against Thomas A. Hawkins and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Carlos T. McCarty* and *Hiram McCormick,* for appellants.

*Frank E. Gilkison,* for appellee.

NICHOLS, C. J.—Action commenced in the Martin Circuit Court, and on change of venue tried in the Lawrence Circuit Court. It is averred in the complaint, in substance, that appellee purchased of appellants certain growing timber located on lands in Martin county, the contract of purchase containing, among other stipulations, the following: "It is expressly agreed that the title to the timber on said land shall remain in the grantors until the payment is made in full as provided; * * * and it is expressly agreed that upon default being made for a period of ten days from the date the same is due of any payment to be made as herein set forth, the grantors shall have the right and privilege to declare this instrument forfeited and to take possession

of all of said timber not manufactured together with the manufactured product on hand and that on the exercise of said option all rights of grantee shall cease and terminate."

It is to be observed that there is no provision in the contract for the forfeiture of payments made, in the event of default in making payments by the purchaser. The purchase price was $6,000, $1,000 of which was paid in cash, and the remainder was to be paid in installments. Appellee having failed to pay any of the installments, except the cash payment, according to the terms of the contract, appellants exercised their right under the above clause and declared the contract forfeited. But appellants failed to return to appellee the $1,000 which he had paid on the purchase price, and for this sum with interest appellee prays judgment.

Appellants' demurrer to the complaint was overruled and thereupon they answered by general denial, and by two affirmative answers and a counterclaim, for damages. The first affirmative paragraph pleads an estoppel and the second former adjudication. We do not set them out as no question is presented with reference thereto. There was a trial by jury which resulted in a verdict for appellee for $1,000. After appellants' motion for a new trial was overruled judgment was rendered on the verdict, from which this appeal.

The errors assigned are that the court erred in overruling appellants' demurrer to the complaint and in overruling their motion for a new trial. The controlling question is as to whether a purchaser under a contract of conditional sale in which it is expressly provided that, in the event of default of its terms "all rights of the grantee shall cease and terminate," but in which there is no provision for forfeiture of payments made in the event of default in the payment of purchase money, having paid a part of the purchase

price defaults in the payment of the remaining installments, and a forfeiture by reason thereof is declared by the seller according to the terms of the contract may recover the installments already paid.

In the following cases from other states there was no provision for forfeiture of money paid in the event of default in payments, and it was held that in the event of such default without fault of the vendor, there could be no recovery of payments already made: *Cleary* v. *Folger* (1893), 4 Cal. Unrep. 76, 33 Pac. 877; *Wheeler* v. *Mather* (1870), 56 Ill. 241, 8 Am. Rep. 683; *Downey* v. *Riggs* (1897), 102 Iowa 88, 70 N. W. 1091; *Roberts* v. *Yaw* (1900), 62 Kans. 43, 61 Pac. 409; *Kenniston* v. *Blakie* (1877), 121 Mass. 552; *McManus* v. *Blackmarr* (1891), 47 Minn. 331, 50 N. W. 230; *Steinbach* v. *Pettingill* (1901), 67 N. J. Law 36, 50 Atl. 443; *Sanders* v. *Brock* (1911), 230 Pa. 609, 79 Atl. 772, 35 L. R. A. (N. S.) 532; *Cobb* v. *Hall* (1857), 29 Vt. 510, 70 Am. Dec. 432; *McLean* v. *Wedell* (1907), 31 Utah 468, 88 Pac. 414.

But this does not seem to be the rule in this state. In *Lomax* v. *Bailey* (1846), 7 Blackf. 599, the rule that must govern us in this case is that when one party to a special entire contract has not complied with its terms, but, professing to act under it, had done for, or delivered to, the other party something of value to him which he has accepted, no action will lie on that contract for the work done or thing delivered; but the party who has been thus benefited by the labor or property of the other, will be responsible on an implied promise, arising from the circumstances, to the extent of the value received by him.

In *Gilbreth* v. *Grewell* (1859), 13 Ind. 484, 74 Am. Dec. 266, it was held that, where a contract of sale of land provided that, if default should be made in fulfilling any part of the contract on the part of the pur-

chaser, the seller might regard the contract as forfeited, and resell the land; the forfeiture of the contract did not exempt the seller, if he enforced the forfeiture, from accounting to the purchaser for the payments made, over and above damages accruing from the breach of the agreement, to the seller.

In *Quality Clothes Shop* v. *Keeney* (1914), 57 Ind. App. 500, 106 N. E. 541, the court held that where a contract of conditional sale providing that the title to the goods sold shall remain in the seller until fully paid for, contains no provision that, in case of default on the buyer's part, prior payments shall be forfeited, if the seller retakes the property, the payments previously made, less all damages sustained by the seller, may be recovered by the buyer. Other authorities to the same effect are: *Fruits* v. *Pearson* (1900), 25 Ind. App. 235, 57 N. E. 158; *Milnes* v. *Vanhorn* (1846), 8 Blackf. 198; *McKinney* v. *Springer* (1851), 3 Ind. 59, 54 Am. Dec. 470; *Epperly* v. *Bailey* (1851), 3 Ind. 72; *Coe* v. *Smith* (1853), 4 Ind. 79, 58 Am. Dec. 618; *Wheatly* v. *Miscal* (1854), 5 Ind. 142; *Wolcott* v. *Yeager* (1858), 11 Ind. 84; *Dantzeiser* v. *Cook* (1872), 40 Ind. 65; *Gwynne* v. *Ramsey* (1883), 92 Ind. 414; *Smith* v. *Barber* (1899), 153 Ind. 322, 53 N. E. 1014.

In the light of the foregoing authorities, we must hold that appellee, under the circumstances of this case, could recover his money already paid, and that the court did not err in its rulings.

Judgment affirmed.

## ON PETITION FOR REHEARING.

NICHOLS, C. J.—Appellants in their petition for rehearing rely upon *Todd* v. *Collier* (1876), 53 Ind. 122, and *Miller* v. *Fletcher, etc., Trust Co.* (1921), 78 Ind. App. 183, 133 N. E. 174. In the Todd case it did not appear that the purchaser was to have possession of

the lot, and, as the legal title was in the vendor and the purchaser had failed to pay the second installment of the purchase money, it was held that the vendor was entitled to recover the possession of the lot, and that the fact that she sued for and recovered such possession, to which she was entitled, did not in the opinion of the court amount to a rescission of the contract, or entitle the purchaser to sue for and recover the money which she had paid. Until there was a rescission of the contract the purchaser's rights were, under the contract, to pay the purchase price and recover possession and title to the real estate. In the instant case appellants had exercised their right of forfeiture under the contract, and the rights of the grantee thereunder were fully terminated.

In the Miller case there was a provision in the contract that, in the event of rescission because of the purchaser's fault, the grantors might retain the money already paid as liquidated damages. In the instant case, there is no such provision. The purchaser in that case was contending that, notwithstanding the express stipulation of the contract to the contrary the money which he had paid in installments could not be held as liquidated damages but must be held as a penalty. Denying the contention of appellant, the court there quotes the rule from *Kelly* v. *Thompson* (1869), 101 Mass. 291, 3 Am. Rep. 353, that: "When a purchaser expressly stipulates that a payment on account, actually made by him, is to be forfeited if by his own fault the purchase shall not go into effect, he may reasonably be understood to mean that it shall not be reclaimed in whole or in part. The distinction between a penalty and liquidated damages does not apply to a case of that description." And then, after quoting from and citing other authorities to sustain this rule, says: "This is the rule in Indiana," citing *Krisky* v. *Bryan* (1917), 63 Ind. App.

611, 115 N. E. 70.    Neither of these cases, when rightly construed, is an authority in favor of appellant.

The petition for rehearing is overruled.