BURGE v. THE CEDAR RAPIDS AND MO. R. R. Co.

| 32 | 101 |
| 102 | 92 |
| 32 | 101 |
| 134 | 389 |
| 32 | 101 |
| 133 | 362 |
| 32 | 101 |
| 143 | 528 |
| 143 | 531 |

1. Contract: RESCISSION OF: ACTION. Where an agreement has been partly performed by one party thereto, the other cannot rescind it without restoring, or offering to restore, the consideration received by such part performance.

2. —— Generally, a party cannot rescind a contract if the failure of the other party is but partial, but must pursue his action on the contract for the part not performed; nor a rescission be effected unless both parties can be restored to the condition in which they were before the execution of the contract.

*Appeal from Tama Circuit Court.*

WEDNESDAY, JULY 26.

ACTION to recover for damage to crops and land of plaintiff by overflow of same on last day of August and 9th day of September, 1869, caused by the embankment of defendant's road. The defendant answered in general denial, and pleaded payment; and in an amendment to the answer set out an agreement, which, after certain recitals, proceeds as follows: "And whereas, it is claimed by the said parties of the second part that the railroad embankment constructed by the party of the first part across the bottom land near and a little west of Tama city ob-

structs, dams up and sets back the waters of Deer creek, causing said waters to overflow the lands and damage the crops of the said party of the second part; and whereas, said parties of the second part claim damages or compensation for the injury already done to their crops, and desire the said party of the first part to construct a bridge two hundred feet long in said embankment, which they allege will be sufficient to discharge the surplus waters of said Deer creek in high water, and prevent the flooding complained of; and whereas, the said party of the first part (while they deny their legal liability) are anxious to do equity, promote harmony, and command the good will of those residing along the line of their road, and therefore are willing to bear a fair and reasonable proportion of the loss sustained by said parties of the second part caused by said flood, and also for the purpose of avoiding all difficulty in the future, are willing to construct a bridge in said embankment two hundred feet in length, provided said parties of the second part will agree not to make any further claim or claims of or on said party of the first part for damages hereafter caused by high water.

Now, therefore, the said party of the first part, in consideration of the covenants hereinafter contained, hereby agree to build or cause to be built, without unnecessary delay, a bridge in said embankment two hundred feet long, at a point or points to be agreed upon by said parties of the second part, or a majority of them; and the said parties of the second part, in consideration of the construction of said bridge and of the damages agreed to be paid, hereby agree for themselves, their heirs, executors, administrators, and assigns hereafter owning or occupying said lands or any part of the same, to release, and they do hereby forever release and discharge, the said party of the first part, their successors and assigns, from all future claim or claims or liability for damages caused by high water."

This agreement was signed by both parties to this suit on the 18th day of August, 1869. Upon the trial the defendant admitted that the damage for which suit is brought occurred on the last day of August and the 9th day of September, 1869, and the plaintiff testified that the extent of such damage was $224, and that, at the time of the execution of the agreement mentioned in defendant's answer, defendant paid plaintiff $450 for damages done in in 1868.

The defendant having introduced in evidence the agreement above named, the plaintiff offered to prove that the defendant had ample time to construct the bridge set out in said agreement, and before the said damages set out in plaintiff's petition accrued. Upon the defendant's objection, this evidence was excluded. The court thereupon gave the jury the following instructions: "If you find that the agreement which is set up by the defendant as a defense to this action, and copied in his answer, was executed as alleged, then you should find for defendant. For if such agreement was made as alleged, the plaintiff's remedy, if any, for the alleged damages is upon said contract." Verdict and judgment being rendered for defendant, plaintiff appeals, and assigns as error the giving of this instruction and the exclusion of the offered evidence.

*Stivers & Safely* for the appellant.

*Bradshaw, Cook* and *Hubbard* for the appellee.

DAY, Ch. J.—The plaintiff having brought his action *ex delicto*, and ignored the written agreement, has treated the same as rescinded. We deem it unnecessary to consider the question, usually difficult of determination, discussed by counsel as to whether the covenants in this agreement are mutual and dependent, or independent. Conceding them, for the purposes of this case, to be dependent, the right of plain-

tiff to rescind the agreement must depend upon the following questions: First, has the agreement upon the part of the defendant been partly executed, by a performance of part of the covenants? And, if so performed in part, second, has the plaintiff placed, or offered to place defendant *in statu quo*, by restoring or offering to restore the consideration received? third, can plaintiff rescind without such restoration or offer?

I. The question as to the part performance of the covenants on the part of defendant involves a close scrutiny of the written agreement. From the recitals in the agreement, it appears that plaintiff demanded of defendant: first, payment for the injuries already done; second, the construction of a bridge to prevent future injuries; and that the defendant, while denying legal liability for either, yet, to promote harmony and command the good will of those residing along the road, was willing to bear a portion of the loss, and to construct a bridge in the embankment. The plaintiff, in consideration of the construction of said bridge, and of the *damages* agreed to be paid, agreed to release, and does forever release and discharge, the defendant from all future claims for damages caused by high water.

The consideration moving to plaintiff is a concession of both the demands made, and an agreement, not only to build the bridge, but to pay for the damage already done. And, in consideration of both these undertakings upon the part of defendant, the plaintiff agrees to release all future claims for damages.

Now the evidence shows that, in pursuance of this agreement, the defendant paid plaintiff $450. It does not aid plaintiff to say that this payment was made in consideration of damages already sustained.

It appears that defendant did not admit a legal liability to pay this damage, and *non constat*, that it would have

agreed to do so had not plaintiff agreed to release future claims.

It seems to us quite apparent, therefore, that the payment of the $450 by defendant is a part performance of the covenants in the agreement.

II. It is not claimed that there has been any restoration or offer to restore what was received under the contract.

III. The plaintiff is not in a condition to rescind this contract and sue for damages independently of it. A party cannot rescind if the failure of the other party be but partial, leaving a distinct part as a subsisting and executed consideration, and leaving also to the other party his action for damages for the part not performed. Generally, no contract can be rescinded by one of the parties unless both can be restored to the condition in which they were before the contract was made. If, therefore, one of the parties has derived an advantage from a partial performance, he cannot hold this and consider the contract as rescinded, because of the non-performance of the residue, but must do all that the contract obliges him to do, and seek his remedy in damages. 2 Parsons on Contracts (5th ed.), p. 679; *Franklin* v. *Miller*, 4 Ad. and El. 599; *Hunt* v. *Silk*, 5 East, 449; *Bud* v. *Blandford*, 2 Young and J. 278. The plaintiff's remedy is upon the contract, and not as here sought. Another consideration sustains this conclusion. The agreement of defendant is to erect the bridge at such place as plaintiff may designate, and within a reasonable time. How, then, can plaintiff recover without showing such designation, and the lapse of a reasonable time thereafter? And how can these things be shown without suing upon the contract? The moment the plaintiff alleges these things as essential to his recovery, his action becomes one upon the agreement. It follows that the court did not err in the instruction, nor in refusing to admit the evidence offered. Affirmed.