EDWARD J. McTAGUE, PLAINTIFF IN ERROR, v. SEA ISLE CITY LOT AND BUILDING ASSOCIATION No. 3, DEFENDANT IN ERROR.

Mere delay by one party in the execution of an executory contract, whose terms would be satisfied by performance within a reasonable time, does not of itself entitle the other party to *rescind*.   To have this effect, in the absence of express repudiation, the implication arising from the non-performance of the contract must be inconsistent with its being still in force.

---

On error to the Supreme Court.

For the plaintiff in error, *Samuel W. Beldon.*

For the defendant in error, *David J. Pancoast.*

The opinion of the court was delivered by

GARRISON, J.    The contract between the plaintiff and defendant is contained in the printed rules of the latter. Under the special agreement thus arising the plaintiff had paid to the defendant the sum of money for which judgment was given in his favor in the court below. The defendant was an association, its general scheme being that each subscriber who had made thirty-six successive monthly payments of $10 each should be entitled to a lot of land to be selected in accordance with the rules of the association. The plaintiff's case, stated generally, is that he had paid to the association the sum of $720, for which he was entitled to two lots, for which he had received no deeds, although he had repeatedly demanded them from the officers of the association. The payment of the money not being denied and the failure to deliver the deeds being admitted, the association rested its defence upon proof of the non-payment of certain penalties by the plaintiff and tendered to him in open court the deeds in question, claiming that mere delay in their delivery did not justify the rescission by the plaintiff of the special contract under which he had paid his money into the association. The court before whom the case was tried (a jury having been waived) refused to give judgment for the defendant, who thereupon took this writ, assigning error amongst other grounds upon this refusal of its motion.

An executory contract that contains no stipulation for its rescission and that has not been induced by fraud, may, in general, be rescinded by one party only when the other expressly refuses to perform, or has rendered himself incapable of performing it, or has otherwise evinced his abandonment of it. Mere delay in the execution of a contract whose terms would be satisfied by performance within a reasonable time does not of itself entitle the other party to rescind. To have this effect, the implication arising from the non-performance of the contract must be inconsistent with its being still in force. The damages resulting from an unreasonable delay may be recovered in an action on the contract; but money

paid under a specific arrangement cannot be gotten back unless the conduct of the defendant warrants the belief that the special contract is abrogated. The case below was, at most, an instance of unreasonable delay, assuming that the plaintiff was at any time in a position to demand the delivery to him of the deeds. The defendant did not deny its obligation to give the deeds, and it had done no act that incapacitated it from so doing. The conduct of both parties down to the time this suit was brought showed that in the mind of each the original undertaking was in force. The repeated demands of the plaintiff for his deeds under the special contract with the association were repeated affirmations of the existence of such a contract; at no time did he give to these demands any character or force inconsistent with the original scheme under which he had parted with his money. Inasmuch as no notice of an intention to rescind was given, the form and effect of such notices are not up for present consideration. The case must rest upon the actual conduct of the parties prior to suit brought, concerning which it is sufficient to say that it is consistent alone with the notion that, in the contemplation of each, the other was bound by the rules that made up the original agreement between them. In such a state of the proofs, the plaintiff could not elect to treat the special contract as rescinded and sue on the common counts for the money he had paid under it.

Judgment should have been given for the defendant.

The judgment of the Supreme Court is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, LIPPINCOTT, REED, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SMITH. 11.