JOHN ZIMMERMAN v. HENRY E. BRANYAN.

Argued June 13, 1898—Decided November 7, 1898.

The defendant's contract bound him to deliver to the plaintiff a conveyance of lands within a reasonable time after February 27th, 1893, the price having been previously paid. Through his neglect he had not done so up to July, 1897, notwithstanding the frequent demands of the plaintiff, whereupon the plaintiff gave notice that he rescinded the contract and required repayment of the price. *Held,* that a verdict sustaining the right of rescission should not be disturbed.

On rule to show cause.

Before Justices DIXON, LUDLOW and COLLINS.

For the plaintiff, *George J. Bergen.*

For the defendant, *Norman Grey.*

The opinion of the court was delivered by

Dixon, J.  By writing under seal dated February 2d, 1887, the plaintiff and defendant agreed that the plaintiff should pay the defendant $400 in certain monthly install-ments, and that on completion of the payments the defendant should, within a reasonable time, cause a conveyance in fee of two designated plots of land to be made to the plaintiff. The payments were completed on February 27th, 1893, when the plaintiff asked for his deed, and the defendant answered that he would have it attended to immediately.  From that time until the beginning of the year 1897 the plaintiff fre-quently repeated his demand, and the defendant as often apologized for his neglect and promised a deed.  Then the plaintiff began to suspect that the defendant did not own the land and could not give a deed, and he told the defendant that in such case he wanted his money back.  The defendant, however, assured him that it was all right and he could give a deed.  To this the plaintiff replied that he would give the defendant till April 1st, 1897, and if then a deed was not delivered the money must be returned.  No deed having been tendered at that date, the plaintiff afterwards caused three letters to be sent to the defendant, the last of which, dated June 30th, 1897, set July 7th, 1897, as the limit of plaintiff's waiting.  On July 9th, no conveyance being yet produced, the plaintiff notified the defendant that he rescinded the con-tract and demanded a return of the price.  On July 21st, 1897, the plaintiff began the present suit, declaring on a special count for the breach of the agreement and on the common counts.  Up to that time the defendant had never owned the land or been ready to tender a conveyance to the plaintiff.

At the trial in the Camden Circuit this was the case made by the plaintiff, and in its essential features it was scarcely contradicted by the defendant.  It was submitted by the court to the jury on the question of rescission only, under a charge that mere delay on the part of the defendant would not entitle the plaintiff to rescind the contract, and that to justify his

doing so the jury must be satisfied that the defendant had expressly refused to perform the contract, or had rendered himself incapable of performing it, or had otherwise evinced his abandonment of it. This charge followed the opinion of the Court of Errors in *McTague* v. *Sea Isle City Building Association,* 28 *Vroom* 427, and was not excepted to by the defendant. Under it the jury found for the plaintiff the sum of $496. The defendant, on rule to show cause, asks for a new trial.

Upon the first count of the declaration, setting up a breach of the agreement, we think the plaintiff's right to recover was shown beyond controversy. The contract obliged the defendant to cause a conveyance to be made within a reasonable time after February, 1893. Delay until July, 1897, was a clear default unless satisfactorily explained, and the only explanation offered was the defendant's neglect. That established the plaintiff's right to damages. In the absence of any evidence of the value of the land other than that afforded by the price agreed upon, that price, with legal interest, would afford a proper measure of damages, and the verdict rendered is for that amount, so that the justice of the case is clearly with the plaintiff.

But even upon the ground on which the case was submitted to the jury, we think the verdict should be sustained.

The defendant's neglect had rendered him incapable of fulfilling his obligation to tender a conveyance within a reasonable time after February, 1893, and so gross was that neglect as to evince a willful disregard of his obligation. While he may not have intended never to give the plaintiff a deed, his conduct showed that he had discarded any purpose to exercise reasonable diligence to that end, and thus warranted the jury in finding that he had abandoned the contract so far as it bound him, or at least had rendered himself incapable of performing it. Either conclusion would, under *McTague* v. *Sea Isle City Building Association, ubi supra,* justify the verdict.

The rule to show cause should be discharged.