EDWARD J. LUCE v. THE NEW ORANGE INDUSTRIAL ASSOCIATION.

Submitted March 21, 1902—Decided June 9, 1902.

1. On a contract to do several acts within a reasonable time, on which the plaintiff paid the full consideration, the failure of the defendant to perform, within a reasonable time, one of the subsidiary acts does not of itself entitle the plaintiff to rescind the contract and sue for the money paid. His remedy is by suit for damages for failure to perform.

2. If the conduct of the defendant, upon being informed of the rescission by the plaintiff, warrants the belief that he assents to the rescission, the plaintiff may maintain an action to recover back the money paid.

3. In this case the declaration alleges that plaintiff asserted the right to rescind; that he notified defendant that he did rescind and that he was entitled to the return of the money paid by him on the contract, whereupon the defendant promised to pay him the money so demanded. *Held,* that this was an acquiescence by the defendant in the rescission, and that, therefore, the declaration shows a good cause of action.

On demurrer to *narr.*

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Copeland, Luce & Kipp.*

For the defendant, *Nicholas C. J. English* and *Robert H. McCarter.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The first count of the declaration to which a general demurrer is interposed is upon contracts which are made-part of the declaration.

The declaration alleges that the defendant, being the owner of a large tract of land, entered into an agreement with one Summers, by which, in consideration of the payment of $10 on the day of the execution of said contracts, and the further sum of $10 to be paid monthly on each, until the full sum of $300 in all has been paid on each, the defendant agreed to sell and convey, by warranty deed to Summers, two lots of land in New Orange; and the defendant also further agreed to commence on the 1st day of May, 1897 (which was more than thirty days prior to the execution of said contracts), the construction of manufacturing establishments upon other lands belonging to it, and known as its reserve factory sites, and to continue to build the same until the aggregate capacity thereof should be sufficient to employ ten thousand people; that Summers has fully paid the $300 on each of said contracts; that the said reserve factory sites were adjoining and contiguous to the two lots, which, by the agreement, were so to be conveyed, and that the value thereof would have been greatly enhanced by the performance by the defendant of its agreement to commence and complete the construction of said manufacturing establishments.

The breach alleged is that the defendant did not, on the 1st day of May or at any time thereafter, commence the con-

struction of said manufacturing establishments, and did not continue to build the same upon the sites aforesaid, although often requested so to do, by reason whereof it has rendered itself incapable of performing, and abandoned the performance of its said agreements, and the value of the lots of land so as aforesaid agreed to be conveyed to Summers became greatly lessened in value, by means whereof Summers was entitled to rescind, and did then and there, on the 30th day of August, rescind the said agreements; by reason whereof Summers became entitled, and the defendant became bound to pay him the sum of $1,200, and being so liable, the defendant undertook and then and there faithfully promised Summers to pay him the same; that on the 20th of September then last past, Summers assigned to the plaintiff the said indebtedness and all rights of action growing out of the same.

The contract sued on contemplates the sale of a large number of shares and the assignment to the shareholders of lots after all the shares representing lots in plot "A" have been paid for.

No lot was assigned to Summers of the plaintiff, nor could it be under the contract until the distribution was made to all subscribers for shares.

May 1st, 1897, the day named in the contract for beginning the building of factories, had passed when the contract was made on the 4th of June, 1897, and no time was specified in the contract for completing the buildings.

The demurrer rests upon the contention that there was no condition precedent for the failure to perform which the plaintiff was entitled to rescind the contract.

In a note to the case of *Pordage* v. *Cole*, 1 *Saund.* 320, it is stated that where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance in the declaration.

, In *Franklin* v. *Miller*, 4 *Ad. & E.* 599, Littledale, J., cited with approval the case of Boone *v.* Eyre, in which Lord Mansfield said: "The distinction is very clear. Where mutual covenants go to the whole of the consideration on both sides, they are mutual conditions, the one precedent to the other. But where they go only to a part, where a breach may be paid for in damages, there the defendant has a remedy on his covenant and shall not plead it as a condition precedent."

And the court held that partial failure only of performance did not authorize rescission of the contract.

*MacAndrew* v. *Chapple*, *L. R.*, 1 *C. P.* 643, and *Bettini* v. *Gye*, *L. R.*, 1 *Q. B. Div.* 183, are to the like effect.

The weight of authority is that the failure to perform a subsidiary part of the contract will support an action for damages, but will not justify a rescission of the contract, unless the conduct of the party in default be such as to evince an intention to abandon the contract or a design no longer to be bound by its terms.

Such was the rule adopted in *Blackburn* v. *Reilly*, 18 *Vroom* 290.

The case of *McTague* v. *Sea Isle City Building Association*, 28 *Vroom* 427, in our Court of Last Resort, is in point.

There the defendant was an association, its general scheme being that each subscriber who had made thirty-six successive monthly payments of $10 each, should be entitled to a lot of land to be selected in accordance with the rules of the association.

The plaintiff's case was that he had paid to the association the sum of $720, for which he was entitled to two lots, for which he had received no deeds, although he had repeatedly demanded them.

The action was brought to recover back the money paid, upon the assumption that the plaintiff had a right to rescind the contract.

Mr. Justice Garrison delivered the opinion of the court, in which he held "that an executory contract that contains no stipulation for its rescission, and that has not been induced by fraud, may, in general, be rescinded by one party only

when the other expressly refuses to perform, or has rendered himself incapable of performing it, or has otherwise evinced his abandonment of it. Mere delay in the execution of a contract, whose terms would be satisfied by performance within a reasonable time, does not of itself entitle the other party to rescind. To have this effect, the implication arising from non-performance of the contract must be inconsistent with its being still in force.

"The damages resulting from an unreasonable delay may be recovered in an action on the contract, but money paid under a specific arrangement cannot be gotten back unless the conduct of the defendant warrants the belief that the special contract is abrogated."

In the case *sub judice,* the contract sued on provided that the lots purchased and paid for by the plaintiff could not be assigned to him until all the shares representing lots had been paid for.

The agreement to commence building of factories and to continue the building was subsidiary, and can be compensated by an action for damages for failure to perform within a reasonable time, as no time is stated in the contract.

The mere delay did not of itself entitle the plaintiff to rescind and institute the action for money had and received, and the demurrer would have been well taken in the absence of one averment made in the declaration, which is as follows:

That the said Summers, on the 30th day of August, 1901, did rescind the said agreements for the purchase and conveyance of said lots of land, of which the defendant had notice, on the day and year last aforesaid, and thereby the said Summers became entitled to have of the defendant, and the defendant thereby became liable to pay to him, the sum of $1,200, and being so liable, the defendant then and there, on the date last aforesaid, undertook and then and there promised the said Summers to pay him the said sum of money on request. There was a good consideration for such promise, if made, and the making of it was a consent by defendant to the abrogation of the contract. The situation substantially is that the plaintiff gave notice to the defendant that he claimed the

right to rescind and did rescind and demand the return of the money paid by him; the defendant replied that he would pay the plaintiff. This was an acquiescence in the rescission and relieved the defendant from doing what the contract required.

The infirmity which would otherwise exist in the plaintiff's case is removed by this allegation, and the demurrer must therefore be overruled.