[No. 7770.]

## CHENEY V. BIERKAMP ET AL.

1. VENDOR AND VENDEE—*Non performance by Vendor—Remedies of Vendee.* Where the vendor fails to perform a substantial covenant on his part the vendee may rescind and recover damages, or may affirm the contract and sue for the damages occasioned by the vendor's failure to perform. (323)

These remedies are inconsistent, and where the vendee has made his election he must stand or fall by the position so first assumed. (323)

2. ——*Contract Construed.* Agreement for the sale of five acres of land. The agreed price, and the reasonable value was $2500.00. During the negotiation question arose whether about one-tenth of the tract was above the lateral by which the land was irrigated, and the vendor agreed, if this should prove to be the case, to provide means by which water could be made to cover this elevated part. *Held* this provision imported that the vendor should either raise the lateral, or grade down the elevation; and it appearing that the change in either manner would not have exceeded in cost about $75.00, *held* further that the provision was not an essential part of the agreement, a condition precedent, nor a dependent covenant, but a minor detail, for default in which the vendee might be compensated in damages; and that he was not entitled to rescind for the vendor's failure to perform it. (324, 325)

3. PRACTICE—*Change of Issues—Power of the Court.* The court has no power to change an action for the rescission of a contract to an action for damages, without the consent of both parties. (325)

4. PLEADING—*Amendment Under Order of Court—Effect—Waiver.* Action to rescind a contract. The court, against the objections and exceptions of both parties ordered plaintiff to file a complaint demanding damages in lieu of rescission. Plaintiff, protesting and expressly reserving all rights, complied with the rule. *Held* that he waived no right. (326)

5. PLEADING—*Amendments*, are largely in the description of the court. The refusal to permit plaintiff to set up, more than a year after the institution of the action, a new ground for the relief which he demands is not an abuse of discretion.   (326)

*Error to Denver District Court.*—Hon. HARRY C. RIDDLE, Judge.

Mr. CLARENCE J. MORLEY, for plaintiff in error.

Mr. L. WARD BANNISTER, Mr. LEROY McWHINNEY, for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error brought this action to rescind a contract for the purchase of five acres of land and water, and to secure the return of that portion of the purchase price then paid, etc., for the alleged reason that the defendant Bierkamp, who sold him the land, refused to comply with the terms of the contract to put it all under irrigation for the season of 1910.

The defendants admit the execution of the contract, deny any refusal to comply therewith, aver that the land was under irrigation by a lateral from the Highline Canal, allege that during negotiations a question arose whether about one-tenth of it was lower or higher than this lateral, upon account of which it was agreed that there should be inserted in the contract a proviso whereby Bierkamp would agree, in case this portion was too high, to put it under irrigation, that is, would provide a means by which water from this lateral or otherwise from the canal, could be made to cover all the land; that this proviso meant that Bierkamp should do this by raising or changing the lateral or by shaving off the top of the land, thereby lowering its surface, and that either could be done for not to exceed $100.  They deny that

the agreement to put this piece under irrigation was any particular consideration for the contract, or for the $200 paid; allege, that the real consideration was possession and agreement to convey, that plaintiff took possession, the reasonable value of which was the agreed price, viz, $2,500; and that the plaintiff refused to permit them to comply with this provision of the contract, etc. By cross-complaint defendants allege, the execution of the contract, its assignment to the defendant corporation, the plaintiff's possession, the agreement to put it all under irrigation by lowering the portion higher than the lateral, or changing the lateral, the plaintiff's refusal to allow them to do so, and his refusal to continue his payments of $10 per month and interest, upon account of which the corporation served notice on him of its cancellation of the contract, etc., and that he notified it that he would make no further payments or further comply with its terms. The corporation alleged damages in excess of the sum paid, and its right to retain the amount then paid as liquidated damages, etc., with a prayer for cancellation, etc.

By replication the substance of the new matter in the answer and certain portions of the cross-complaint were denied. A jury was empanelled to whom two interrogatories were submitted, covering one phase of the plaintiff's contention; they were answered in his favor; namely, first, that the defendants did not offer to put said entire five acres under irrigation either by lowering its surface or by building a new lateral; and second, that they were not denied this privilege by the plaintiff. The court made findings that at that time neither was entitled to a rescission of the contract; the defendants, because they had not carried out its terms in placing all the land under irrigation; the plaintiff, because this was a collateral or an independent promise, and not made a part

of the consideration for the conveyance of the land and water. Both sides excepted to these findings. The court, upon its own motion, then ordered, that an interlocutory decree be entered, which would reaffirm the contract, and provide that an issue be framed on the difference in value of the land, had it all been put under irrigation as provided by the contract, and its present value, without having been so placed under irrigation, and that this amount should be applied upon the payments due the defendant corporation under the contract so far as it would go, the decree then to be made final requiring the plaintiff to pay the balance as it became due, and upon its completion the defendant company to make the conveyance provided by the contract, etc. Both parties objected to this order. The plaintiff filed a motion to vacate it, etc. This motion was denied, and the interlocutory decree entered. The defendants filed a motion to withdraw the decree which was likewise denied. The decree commanded the plaintiff, within twenty days, to file a supplemental complaint setting forth his claim for damages, etc on account of the breach of the contract concerning the irrigation clause, which damages were to be in conformity with the measure fixed therein. It gave the defendants twenty days thereafter to plead thereto, and the plaintiff ten days to reply, and provided further that when issues were thus joined it be set down for trial by a jury on the question of such damages only, and that the cause be continued for this purpose. Both parties excepted to this decree and further pleadings were filed by the plaintiff under objections and exceptions, and by reason only of complying with its terms, and without waiving any rights upon account of so doing. On these subsequent pleadings the plaintiff was allowed a credit of $200 for damages upon account of Bierkamp's failure to comply with the irrigation clause of the contract, and judgment

was given against the plaintiff for $247.75, being the remainder of the deferred payments then due on his note and contract after the allowance of this credit.

What transpired after the issuance of the interlocutory decree is immaterial, as neither the issues made by the original pleadings nor the findings of fact were in harmony therewith. By this decree the court created and assumed jurisdiction of a new cause of action not presented by any pleading, or sought by either side, but objected to by both. Under his version of the facts the plaintiff had his election of two remedies, namely, to rescind the contract and recover the usual damages in such cases; or, to affirm the contract and sue for damages on account of its non-compliance. These remedies are inconsistent, not concurrent; both were open to the plaintiff and when once he made his election to rescind, etc., he was bound thereby, at least so far as this action is concerned, and upon this issue he should have been allowed to stand or fall.—*Cole v. Smith,* 26 Colo. 506, 58 Pac. 1086; *Wilson v. New United States Cattle-Ranch Co.,* 73 Fed. 994, 20 C. C. A. 241; *Breckenridge Mer. Co. v. Bailif,* 16 Colo. App. 554, 66 Pac. 1079; *Newman v. Bullock,* 23 Colo. 217, 47 Pac. 379; *Hummel v. Moore* (C. C.) 25 Fed. 380; *Gallup v. Wortmann,* 11 Colo. App. 308, 53 Pac. 247; *Venner v. Denver Union Water Co.,* 15 Colo. App. 495, 63 Pac. 1061.

In *Anthony v. Slayden,* 27 Colo. 144, 60 Pac. 826, it was held that, where a plaintiff has elected one of two inconsistent remedies, he may not be permitted by an amendment to choose the other. This means, of course, over the objection of the other party. In the Slayden case the action was originally for damages account of breach of contracts. By an amended complaint the plaintiff sought to rescind the contracts; it was held that the change was not admissible. In the present action, over

the objections of plaintiff and defendants, the court ordered that the action be changed from one to rescind the contract, which was sought by both parties, to one in damages account of its alleged breach by the defendants. This it had no right to do.

At the time of ordering the interlocutory decree, the court found that the agreement to put the land under irrigation before the next irrigation season, was a nonessential and wholly unimportant feature of the contract and that the defendants' failure to perform did not entitle the plaintiff to rescind. We agree with this finding. The record discloses, that only about one acre of the land was affected by this clause, which, if necessary, was to be irrigated by either moving or raising the lateral, or lowering the surface of the land; that either could have been effected at a cost of about $75 and that the defendant Bierkamp was to have five or six months after the execution of the contract to do this; that when the contract was executed, plaintiff paid $200 as a part of the purchase price and continued to make installment payments, as per its terms, until August of the next year, and also went into possession. The breach of this clause was not of the essence of the contract; it was not an essential part of the consideration; it was not a condition precedent, or a dependent covenant. On the other hand, it was a minor detail for which the plaintiff could be thoroughly compensated in damages; it was to be effected long after plaintiff had paid a part of the purchase price and had entered into possession; it was wholly distinct and separable from the other and principal agreements whereby the defendants agreed to sell, deliver possession and convey title to the land and water of an approximate value of $2500 unaffected by this clause, and all of which could be performed without performance of this clause, which it would cost about $75

to comply with, and which cost the plaintiff could have offset against the unpaid balance of the purchase price. Under such circumstances the plaintiff was not entitled to rescind.—Page on Contracts, vol. 3, § 1450; *Luce v. New Orange Industrial Ass'n,* 68 N. J. Law, 31, 52 Atl. 306; *Kauffman v. Raeder,* 108 Fed. 171, 47 C. C. A. 278, 54 L. R. A. 247; *Burge v. Cedar Rapids & Mo. R. R. Co.,* 32 Iowa, 101; *Crampton v. McLaughlin Realty Co.,* 51 Wash. 525, 99 Pac. 586, 21 L. R. A. (N. S.) 823; *Brevoort v. Hughes,* 10 Colo. App. 379, 50 Pac. 1050; *Anglo-Wyoming Oil Fields v. Miller,* 117 Ill. App. 552; *Weintz v. Hafner,* 78 Ill. 27; *Bloomington Electric Light Co. v. Radbourn,* 56 Ill. App. 165.

The defendants, although objecting to it, etc., now contend that the plaintiff cannot be heard to complain concerning the interlocutory decree, because he complied with it in filing supplemental pleadings. We cannot agree with this contention; its language is mandatory; it was objected to and complied with by the plaintiff under protest, and without waiving any right, etc., the plaintiff had elected between two inconsistent causes of action, as he had a right to do. The defendants, by cross-complaint, plead their election to rescind. Each sought to rescind. No other issue was presented. The contention was the grounds; if the plaintiff's he was entitled to a return of the amount then paid, etc.; if the defendants' they were entitled to retain the payments made, etc. Neither was asking any other relief upon account of its non-performance. The judgment discloses that plaintiff was owing in excess of the amount allowed for damages for defendants' non-compliance with the irrigation clause. Under such circumstances the plaintiff may have selected his remedy, preferring, could he not rescind under his theory, that defendants be allowed to keep the amount paid as liquidated damages, as they

had declared their intentions to do. The final judgment was not responsive to these issues and as the plaintiff objected and excepted to all process by which it was secured, we think he saved his right to complain.— *Archuleta v. Archuleta,* 52 Colo. 601, 123 Pac. 821; *Travelers Insurance Co. v. Redfield,* 6 Col. App. 190, 40 Pac. 195.

The defendants' position is rather inconsistent concerning this. They also objected to the decree and had the result been more favorable to the plaintiff and less favorable to them, it is quite likely that they, instead of him, would now be complaining concerning it.

Error is assigned upon the court's refusal to allow the plaintiff, by amendment, to set forth an additional reason why he was entitled to rescind, the contract, namely, that his execution of it was secured through fraud, false representations, etc. The defendants claim that this amendment attempts to state a new cause of action but in fact states none, etc. We think it unnecessary to determine these questions. The filing of an amendment is largely within the discretion of the trial court. The record disloses that this one was not offered until more than a year after the suit was begun and about eight months after the interlocutory decree was entered,which had it been as it should, would have included a final judgment against the plaintiff. Under such circumstances we cannot say that the court abused its discretion in refusing it when it did, eliminating all other questions concerning it.

For the reasons stated the judgment is reversed and the cause remanded with instructions to enter a decree in favor of the defendants on their cross-complaint, to include a cancellation of the contract and note, they to retain all payments made up to the date of the judg-

ment as liquidated damages. The costs of the trial will be taxed to the plaintiff. Each side to pay its costs here.

<em>Reversed.</em>

CHIEF JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.