compensated for the loss sustained by this breach of the agreement.

The Court also erred in instructing the jury that in getting at the proper measure of damages in respect to the lumber not delivered, they must allow the plaintiffs only the difference between the price they were to pay for the lumber, and the wholesale price at the place of delivery. The true question was not one of wholesale or retail price, but what it would have cost the plaintiffs to procure at the point of delivery and at the time when it was proper to supply themselves lumber of the kind and quality they were to receive on the contracts, and deducting the contract price from the cost.

Judgment reversed and a new trial ordered.

---

## PRESTON vs. WHITNEY.

An instrument as follows: " $70.                               DETROIT, Nov. 25th, 1869.
    On demand, after date, I promise to pay to the order of M. Preston, seventy dollars, value received, with 7 per cent. interest.
    This note is valid as part pay for a piano-forte bought of me at retail price.
                                  C. J. WHITNEY."
is a promissory note for the payment of money with the option of the payer to apply it as part payment on the purchase of a piano.

Error to Wayne Circuit.

*Opinion by* CHRISTIANCY, J.—The instrument upon which plaintiff sought to recover was in the following words:

"$70.                               DETROIT, Nov. 25th, 1869.

On demand, after date, I promise to pay to the order of M. Preston seventy dollars, value received, with 7 per cent. interest.

This note is valid as part pay for a piano-forte bought of me at retail price.

C. J. WHITNEY."

*Held,* That *prima facie*, and without any explanatory evidence *aliunde*, this instrument must be regarded as a promissory note for the payment of money with the option of the payer to apply it as part payment on the purchase of a piano, of the maker, at retail

price. The memorandum at the foot of the instrument contains nothing repugnant to or inconsistent with the promise in the note itself to pay money.

Admitting that evidence to explain the intent of this memorandum was legally competent, the only evidence actually introduced for that purpose was that of Preston, who was called by the defendant, and whose testimony tended to show that the real intention of the instrument and of the parties was substantially in accordance with the construction which the Court derived from the instrument itself. The note was given for money due Preston which he had paid to defendant on a piano, under a written agreement to purchase, which was identified by the witness, and on which he had paid $100. He had had the piano three months, and plaintiff had deducted $30 for the use of the piano, and had given this note for the balance, the piano having been returned to and sold by defendant. When the note was given it was understood that if Preston should want to buy a piano he should buy it of defendant, but that he was not bound to do so, or to lose the value of the note if he did not. He had not made a demand on the defendant or applied to him in any way to have the note or the amount of it applied on the purchase of a piano. Defendant introduced no evidence to contradict this, and offered none except that connected with his offer to introduce the written contract and to prove its forfeiture. He offered the written contract and proposed to show by other testimony that the sum was forfeited by the plaintiff, on account of non-compliance with its terms as to payments, and the piano returned; that plaintiff proposed to purchase another piano of defendant, and urged defendant in the event of such purchase to allow him $70 to apply on such purchase when made and that in pursuance thereof this note was given, and that nothing passed to defendant for said $70 except what was paid on said contract. This offer was refused.

*Held,* That if there was anything in the contract and the facts proposed to be shown which would materially change the nature of the obligation created by the note and the other evidence introduced, or which would constitute a defense to the action or any part of it then this refusal was error, otherwise not.

This agreement was one for a conditional sale only, the property remaining in the vendor as owner until paid for ; that the property

never passed to the vendee. And while it is provided expressly that for non-payment of any one of the several instalments, defendant might take possession and said agreement should become void, no provision is made for the forfeiture by plaintiff or the retention by defendant of any sum which might have been paid upon it before the forfeiture.

*Held,* That from the time of the taking of possession the agreement for the sale may be treated as void or terminated. The defendant, then, after taking possession, had $100 of plaintiff's money in his hands, for which he should account on just and equitable principles He would doubtless have the right to deduct from the amount a fair compensation for the use of the piano while plaintiff had it, or perhaps at his option the interest on the purchase price of it for that period, as well as for any reduction in value from injury beyond that arising from its legitimate use, and for any incidental expense in regaining possession, but he would have no right under this agreement to claim any forfeiture of all the money received by him beyond such reasonable compensation, as he has given no equivalent or consideration therefor. It appearing that $30 was deducted from the $100, and no evidence having been given or offered to show that this deduction was made for any other purpose than the compensation above alluded to, or that this defendant was justly entitled to anything more, the proposed evidence if given, would not have changed the legal effect of the note nor constitute any defense to the action.

Whether it would be competent to provide in such a contract for the forfeiture of all the several installments which might have been paid prior to default, or whether such a provision would be needed as a penalty according to the principles which distinguish penalties from stipulated damages, is a question not here decided. There was no error in the proceedings before the Justice which would operate to the prejudice of the defendant.

The judgment of the court below must be reversed, and that of the Justice affirmed, and the plaintiff must recover his costs in all the courts.