Gwynne v. Ramsey.

Filed Jan. 3, 1884.

---

No. 8253.

## Gwynne v. Ramsey.

VENDOR AND VENDEE OF REAL ESTATE.—*Rescission of Contract.— Ouster.— Sufficiency of Complaint.—Recovery of Purchase-Money.—Facts and Evidence.— Demurrer.*—A complaint by the vendee of real estate against the vendor, alleging that the vendor had rescinded the contract of purchase, and ousted the vendee from and taken possession of the real estate, and demanding the recovery of the purchase-money previously paid on the contract, is sufficient on demurrer without averring the manner and particulars of either the rescission or ouster, as these are matters of evidence.

SAME.—*Consent of Parties.—Evidence.*—One party can no more rescind than one party can make a valid and binding contract between two or more parties; but the mutual consent of all parties to the rescission of the contract may be shown by their respective acts as well as by express agreement.

SAME.—*In Statu Quo.—Rents and Profits.*—Where the vendee has occupied the lands for several years under the contract of purchase, receiving the rents and profits, he can not treat the contract as rescinded and maintain a suit for the recovery of the purchase-money, at least until the vendor is placed in the same situation he was in before the contract was made.

From the Shelby Circuit Court.

*S. Major, A. Major, B. F. Love* and *H. C. Morrison,* for appellant.

*T. B. Adams* and *L. T. Michener,* for appellee.

Howk, J.—This was a suit by the appellee against the appellant to recover certain moneys which the appellee alleged he had paid the appellant upon a contract for the purchase of certain real estate, which contract he claimed had been rescinded. Appellee's complaint contained three paragraphs, to which the appellant's demurrer was overruled by the court. The appellant answered in three paragraphs, of which the first paragraph was a general denial, and each of the other two paragraphs was a special or affirmative answer. The court sustained the appellee's demurrer to the third paragraph of answer, and to this ruling appellant excepted. To the second paragraph of answer appellee replied by a general denial. The issues joined were tried by a jury, and a verdict was returned for appellee, assessing his damages in the sum of $1,135. Over appellant's motion for a new trial and his exception saved, the court rendered judgment on the verdict.

The first error complained of by the appellant in argument, is the overruling of his demurrer to the first paragraph of appellee's complaint.

In this first paragraph of complaint the appellee alleged, in substance, that on the 20th day of January, 1873, the appellant bargained and sold to the appellee a certain tract of land in Shelby county, Indiana, containing forty acres, more or less, upon the following terms and conditions, to wit: Appellee was to pay appellant therefor $500 down, by conveying to him a parcel of real estate containing six acres, more or less, and the sum of $500 each year thereafter for three years, and appellee was to have and to hold possession of said forty-acre tract, and the appellant was to take all the wood cut by appellee and delivered at the railroad as part payment on the yearly payments as aforesaid, and upon the payment of the purchase-price of said land as aforesaid, he was to execute to appellee a good and sufficient deed for the conveyance of said land to appellee, which contract was reduced to writing, but has since been accidently destroyed by fire, and

therefore the appellee could not file a copy thereof with the first paragraph of this complaint.   And the appellee averred that, in pursuance of such contract, he conveyed to appellant the said six acres of land in discharge of the first payment of $500; that thereupon, in pursuance of said agreement, appellant put appellee in possession of the forty-acre tract as aforesaid; that appellee delivered to appellant, at the railroad, —— wood, of the value, to wit, of $1,200, and paid appellant's turnpike tax, at his request, to the amount of $43.50. A bill of particulars of which wood and money paid, marked " Exhibit A," was filed with and made part of such first paragraph of complaint.   And the appellee averred that he held possession of such forty-acre tract until March 1st, 1877, at which time appellant ousted appellee, took possession of the land and rescinded such contract without, in any way, paying or reimbursing appellee for the six-acre tract of land conveyed to appellant as aforesaid, or for the wood delivered, the money paid, etc., and without placing appellee *in statu quo;* that from that time until the commencement of this suit the appellant had continued to hold, and then held, the possession of said land and exercised full and absolute control thereover; that appellee acquiesced in such rescission by the appellant, and ever since then had treated such contract as rescinded, and brought this suit because of such rescission, and that, by reason of the premises, the appellee had sustained damages in the sum of $3,000.   Wherefore, etc.

In discussing the sufficiency of this paragraph of complaint the appellant's learned counsel insist that the paragraph is bad, on the demurrer thereto, for the reason that the appellee has alleged therein mere legal conclusions instead of the facts from which such conclusions are or might be drawn. Counsel say: " The ouster and rescission thus alleged are but conclusions, and not facts showing an ouster and rescission, which is in violation of a well settled rule of pleading. If the ouster of Ramsey has any legal force or effect, the pleader should have averred *how* Gwynne ousted him, by

physical force or by suit at law, and stated the circumstances, if any, showing the ouster to be wrongful; and he should also have averred that he did so oust him with the *intention* of rescinding the contract." This position of appellant, we think, is untenable, and the argument of his counsel is unsound. The ouster of appellee from the land was an alleged fact, and not a legal conclusion; while the manner in which he was ousted was matter of evidence merely, whether he was ejected by physical force or by process of law. Pleading matter of evidence is in violation of the rule enunciated in the *second* clause of section 338, R. S. 1881, which requires the complaint to contain "A statement of the facts constituting the cause of action." The alleged rescission of the contract was also the allegation of a fact and not merely of a conclusion. The manner of rescinding the contract was a matter to be shown by the evidence, and not by the allegations of the complaint. *Smith* v. *Felton*, 85 Ind. 223.

Doubtless, it is true as a general proposition, that a contract can only be rescinded by the common consent of all the parties thereto. One party can no more rescind than one party can make a valid and binding contract between two or more parties. But the vendor of real estate who stipulates in his contract that the vendee shall have and hold the possession of such real estate, and puts him in possession thereof, and thereafter ousts him from such possession and resumes and holds the possession as against his vendee, thereby evinces his intention to rescind such contract. If thereupon the vendee acquiesces in these acts of the vendor as indicative of his intention to rescind the contract, and brings an action to recover his damages occasioned by such rescission, it may well be said, we think, that both parties concur in and consent to the rescission. We know of no reason why the mutual consent of the parties to the rescission of the contract may not be shown by their acts, as conclusively and satisfactorily as by evidence tending to prove an express rescission.

When the rescission is shown, either by express agreement or by the acts of the parties clearly indicative thereof, an action will lie to recover whatever may have been paid or delivered, or the value thereof, on account of such rescinded contract. *Fowler* v. *Johnson*, 19 Ind. 207; *Dantzeiser* v. *Cook*, 40 Ind. 65; *Dotson* v. *Bailey*, 76 Ind. 434.

We are of opinion, therefore, that the court committed no error in overruling either appellant's motion to make the first paragraph of complaint more specific, or his demurrer to such paragraph. Nor is there any available error in the decision of the court in overruling the motion to strike out or reject certain parts of the first paragraph of complaint. The effect of such ruling, even if erroneous, was at most to " leave surplusage in the record, which does not vitiate that which is good." *Mires* v. *Alley*, 51 Ind. 507. *House* v. *McKinney*, 54 Ind. 240; *City of Crawfordsville* v. *Brundage*, 57 Ind. 262. The first paragraph of complaint is sufficient, and no objection is urged here to either the second or third paragraph. We may remark, however, that the appellee sued, in the second paragraph of his complaint, for so much money had and received by appellant for his use, and, in the third paragraph, for wood sold and delivered by him to appellant.

Appellant's counsel also claim that the court erred in overruling his motion for a new trial. Under this error the first question discussed by counsel is the alleged insufficiency of the evidence to sustain the verdict. A careful examination of the record shows that evidence was introduced on the trial tending to establish and sustain each and every material averment in appellee's complaint. In such a case it is the settled rule in this court that a judgment will not be reversed on what may seem to be the preponderance of the evidence. The weight of evidence and the credibility of witnesses are questions so peculiarly within the province of the jury that, when their verdict has met the approval of the trial court, it will not be disturbed here on a mere matter of fact, unless it appear that on some material point there has been an absolute

failure of evidence. *Fort Wayne, etc., R. R. Co.* v. *Hussel-man*, 65 Ind. 73; *Hayden* v. *Cretcher*, 75 Ind. 108; *Cornelius* v. *Coughlin*, 86 Ind. 461.

In their argument upon the instructions of the court to the jury, appellant's counsel first submit some "general objections" to all the instructions. These objections are founded upon the supposed insufficiency of the first paragraph of appellee's complaint. What has been said in this opinion, in considering the question of the sufficiency of the first paragraph of complaint, therefore, practically disposes of appellant's "general objections to all the instructions of the court," adversely to the arguments of his counsel, and need not be repeated in this connection. The first instruction of the court, of which appellant's counsel separately and earnestly complain, reads as follows: "One of the modes by which such a contract may be rescinded is by mutual agreement of the parties thereto. Such an agreement need not be in writing, nor in any express form of words at all, but may be inferred from the acts, conduct and declarations of the parties, if they are sufficient to justify the inference that the mutual understanding and intention of the parties were that the contract should be rescinded."

Counsel say that this instruction was calculated "to mislead the jury," because it contained an intimation that such a contract as the one in evidence might be rescinded in some other mode than by the mutual agreement of the parties. The instruction could not possibly mislead the jury, for while it spoke of rescission by mutual agreement as "one of the modes," it did not inform the jury of any other "mode" of rescission. Rescission by the mutual agreement of the parties was the only mode of rescission embraced in the issues or presented by the evidence. The court did not err in instructing the jury that such an agreement need not be in writing, nor expressed in words even, but might be inferred from the acts, conduct and declarations of the parties, if their acts, conduct and declarations were sufficient to justify the inference of such

an agreement. The instruction was within the issues, and applicable to the evidence. The instruction was correct, as far as it went, and the omissions therein were supplied by other instructions.

The next instruction of which appellant complains in his brief reads as follows: "Again, it is a general rule, that where one party to a contract wrongfully violates or refuses to perform it, in any essential particular, the other party may, on his part, elect to treat it as rescinded. Has the plaintiff brought his case within this general rule? He has, if he has proved, *First*. That this defendant did so violate, or refuse to perform, the contract or any essential particular on his part; and, *Second*. That he (plaintiff) afterwards elected, on his part, to treat each (such ?) violation or refusal of the defendant as a rescission. If he has not proved this, then he has not brought his case within the general rule above stated."

We are of opinion that this instruction, abstractly considered, does not contain a correct statement of the law, and, certainly not, as applied to the issues and evidence in this cause. Appellee alleged in the first paragraph of his complaint that he continued in possession of the land, under his contract of purchase, until the 1st day of March, 1877. Before that time all the instalments of purchase-money under the contract had become due and payable; and on the day last named there was due the appellant from the appellee, on account of such purchase-money, a balance of about $1,500, which remained unpaid. At or before the date named, the dwelling-house on the land was destroyed by fire. Appellant did not attempt to rebuild the house, but voluntarily left the land and went elsewhere to reside. It nowhere appears in the record that appellee ever tendered to appellant the balance of the purchase-money, for which he was then in default, or that he then, or afterwards, asked the appellant to fulfil his contract; on the contrary, it does appear from appellee's own testimony, that appellant refused to take back the land, but offered to throw off part of the sum due him and take the

appellee's notes, due in one, two and three years, for the residue. The only facts appearing in the record, which seem to be inconsistent with the foregoing statement, and tend to show appellant's intent to rescind the contract, are his acts in directing his agent, after the appellee left the land, to have it cultivated and not to allow it to grow up in weeds.

In *Barickman* v. *Kuykendall*, 6 Blackf. 21, it was said: "The vendee having occupied the land several years under the contract—receiving the rents and profits,—the parties can not be placed in the same situation they were in before the contract was made; and, consequently, if the contract be valid, the vendee could not rescind it, and sue in *indebitatus assumpsit* for the money paid. His remedy for a breach, in such case, could only be on the special contract. *Hunt* v. *Silk*, 5 East, 449; Chit. Cont. 188; *Peters* v. *Gooch*, 4 Blackf. 515." See, also, *Wiley* v. *Howard*, 15 Ind. 169; *Teter* v. *Hinders*, 19 Ind. 93.

Where one party has refused to perform an essential part of an entire contract, the other party may treat the contract as rescinded, if the first party can be placed in the same situation as before. *Luey* v. *Bundy*, 9 N. H. 298; *Allen* v. *Webb*, 24 N. H. 278; *Burge* v. *Cedar Rapids, etc., R. R. Co.*, 32 Iowa, 101.

In the case last cited the court said: " Generally, no contract can be rescinded by one of the parties unless both can be restored to the condition in which they were before the contract was made. If, therefore, one of the parties has derived an advantage from a partial performance, he can not hold this and consider the contract as rescinded, because of the non-performance of the residue, but must do all that the contract obliges him to do, and seek his remedy in damages. 2 Parsons Contracts (5th ed.), p. 679; *Franklin* v. *Miller*, 4 Ad. & El. 599; *Hunt* v. *Silk*, 5 East, 449; *Bud* v. *Blandford*, 2 Young & J. 278. The plaintiff's remedy is upon the contract, and not as here sought."

In the case at bar it appeared from the appellee's own showing that he had the possession, use and occupation of the land,

under the contract, for more than four years; and, in such case, it was error in the court to instruct the jury that appellee might elect to treat the contract as rescinded.

As the view we have taken of the instruction last quoted will necessarily lead to the reversal of the judgment, we need not extend this opinion in the consideration of the other instructions complained of.

The motion for a new trial ought to have been sustained.

The judgment is reversed, with costs, and the cause is remanded for a new trial, and for further proceedings not inconsistent with this opinion.

Filed Nov. 9, 1883.    Petition for a rehearing overruled Jan. 2, 1884.