## FRUITS v. PEARSON.

[No. 3,093.  Filed April 19, 1900.  Rehearing denied June 28, 1900.]

VENDOR AND PURCHASER.—*Contracts.—Rescission.—Recovery of Purchase Money.*—An action can be maintained by a vendee to recover payments made by him on a contract of purchase, where it is shown that there was a rescission of the contract by the mutual consent of the parties.

From the Fountain Circuit Court.  *Reversed.*

*G. W. Paul* and *J. B. Martin,* for appellant.
*O. P. Lewis* and *J. A. Lindley,* for appellee.

COMSTOCK, J.—The complaint in this cause avers, in substance, that on the 29th day of September, 1897, the defendant, appellee here, was the owner and in possession of a livery stock, and that the plaintiff was the owner of two lots in the town of Veedersburgh, Indiana, on which there was a mortgage amounting to $400; and that on said day the plaintiff and the defendant entered into an oral agreement for the sale and purchase of said stock, to wit:  The said Fruits agreed to convey said real estate to Pearson clear of encumbrances, except the said mortgage, the amount of which he agreed to reduce to $296, and pay to said Pearson the sum of $250 in money.  In consideration thereof, Pearson agreed to sell to said Fruits said livery stock and deliver to him the immediate possession of the same, but he would retain the title thereof until the said mortgage was reduced to the sum of $296, upon which event the title was to vest in the plaintiff; said Pearson agreed to give the plaintiff two months from September 29, 1897, in which to perform said stipulation; at the end of the two months, plaintiff failed to perform said stipulation, except

the payment of $20, and he requested and was granted an extension of ten days in which to perform the same; that on the said 29th day of September, plaintiff executed to the defendant a deed conveying said lots and put defendant in possession of the same. The rental value of said lots was and is $8 per month, and the defendant has collected and received the rents since said date, amounting to near $130. Plaintiff paid the defendant in cash and in notes, on which plaintiff received the money afterwards, the said $250 within the sixty days; which said money and notes were delivered by the plaintiff to the defendant as part of the purchase money of said livery stock in addition to the conveyance of said two lots in Veedersburgh, which lots were rated and taken by defendant on the purchase price of said stock and $250 subject to said $296 of mortgaged indebtedness, a total of $500 thus paid by plaintiff to defendant for said livery stock. That defendant retains all of said money and said lots; that, upon the expiration of the time within which plaintiff was to make said payment, the plaintiff failed to reduce said mortgage to $296 as agreed, and thereupon the defendant, with the consent of the plaintiff, under said agreement took possession of all said livery stock as his own, and has sold part or all of the same, and treated said property as his own, and has had the use of said livery stock since about the 1st of December, 1897; that said contract of sale was wholly rescinded and abrogated by mutual consent and acts of the plaintiff and defendant; that the value of the use of said livery stock while in the possession of plaintiff was $30 per month; that the amount due on said mortgage, in excess of said $250, at the time defendant took possession of the livery stock was $92.10, and, deducting said amount from said $250, the contract price of said lots, leaves a balance of $157 on the purchase price of said lots, and deducting from the $250 cash and notes aforesaid $70 for the use of said livery stock while in the possession of the plaintiff, there remains of said $250 the sum of $185 of said

money in the hands of the defendant. Wherefore he demands judgment, etc.

The court sustained a demurrer for want of sufficient facts, and the plaintiff refusing to plead further, judgment was rendered in favor of the appellee for costs. This ruling of the court is the only error assigned.

The purpose of the complaint is to recover the payment or payments made in the part performance of the contract. Appellee insists that upon the failure of the vendee to perform the conditions of the contract, all instalments paid were forfeited, and can not be recovered. This view was manifestly adopted by the trial court.

From Beach on the Modern Law of Contracts, counsel quote the following part of section 139: "In the absence of a statute provision to the contrary, a buyer loses absolutely all instalments paid when the sale is rescinded on account of his default." And cites numerous decisions in support of the proposition for which they contend. To this general statement of the law we take no exception. It is not, however, applicable to facts stated in the complaint.

In *Hansbrough* y. *Peck,* 5 Wall. 497, 18 L. ed. 520, the court say: "No rule in respect to the contract is better settled than this: That the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfil all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done." Quoting the foregoing extract from the case named, our Supreme Court, in *Dantzeiser* v. *Cook,* 40 Ind. 65, at p. 69, say: "This is little more than a statement that one party can not alone rescind the contract without the fault of the other party or his concurrence in the rescission, and recover back what he has paid upon it; and we concur in the doctrine. But in the case before us, though the defendant at one time may have been ready to proceed and

fulfil the contract on his part, yet he afterward disabled himself to do so by conveying the property to another. He by his conduct consented to a rescission of the contract. The rescission leaves the parties as if the contract had never existed."

The complaint before us avers that the possession of the property contracted to be sold was retaken by appellee, and that the contract was by the acts of the parties and by their mutual consent abrogated and rescinded.

In *Gilbreth* v. *Grewell*, 13 Ind. 484, 74 Am. Dec. 266, the contract for the sale of land provided that if default should be made in fulfilling any part of the contract on the part of the purchaser, the seller might regard the contract as forfeited and resell the land. In the course of the opinion the court said: "It is thoroughly settled in Indiana that, where one party to an entire special contract has not complied with its terms, but, professing to act under it, has done for, or delivered to, the other party something of value to him, which he has accepted, the party who has been thus benefited by the labor or property of another, shall be responsible on an implied promise arising from the circumstances, to the extent of the value received by him."

*Gillet* v. *Maynard*, 5 Johns. 86, was an action for money had and received, to recover back money paid in a parol contract for the purchase of land, which contract had never been fully executed. The court said: "If the contract be considered as rescinded, no doubt can be entertained but that the plaintiff is entitled to recover back the money paid by the intestate."

*Gwynne* v. *Ramsey*, 92 Ind. 414, was a suit to recover certain moneys which appellee alleged he had paid appellant upon a contract for the purchase of certain real estate, which contract he claimed had been rescinded. We quote from the opinion: "Doubtless, it is true as a general proposition, that a contract can only be rescinded by the common consent of all the parties thereto. * * * We know

of no reason why the mutual consent of the parties to the rescission of the contract may not be shown by their acts, as conclusively and satisfactorily as by evidence tending to prove an express rescission. When the rescission is shown, * * * an action will lie to recover whatever may have been paid or delivered, or the value thereof on account of such rescinded contract," citing *Dantzeiser* v. *Cook,* 40 Ind. 65. See, also, *Harris* v. *Bradley,* 9 Ind. 166.

The foregoing decisions are based upon the proposition that it is inequitable to permit the vendor of property to retain the property and the purchase money after the contract of sale has been rescinded.

The averments of the complaint before us show a rescission of the contract in suit by the mutual consent of the parties thereto. It therefore states a cause of action.

Judgment reversed, with instruction to overrule the demurrer to the complaint.