## QUALITY CLOTHES SHOP *v.* KEENEY.

[No. 8,379.  Filed October 28, 1914.  Rehearing denied January 6, 1915.]

1. PLEADING.—*Demurrer to Counterclaim.*—*Memorandum of Defects.*—Section 344 Burns 1914, Acts 1911 p. 415, requiring a memorandum of defects to be filed with the demurrer to a complaint for want of facts, construed with §351 Burns 1914, §346 R. S. 1881, relating to demurrers to answers, makes necessary the filing of such a memorandum with the demurrer to an answer, so that a demurrer to a counterclaim, unaccompanied by a memorandum of defects, does not question its sufficiency, regardless of whether such counterclaim is treated as a complaint or as an affirmative answer.  p. 502.

2. STATUTES.—*Construction.*—Where a section of a general act is amended, as to all matters occurring thereafter, such amendment is to be taken as if it had been a part of the original act; and acts relating to the same general subject-matter, regardless of when they were passed, are in *pari materia* and are to be construed together.  p. 503.

3. STATUTES.—*Construction.*—A statute which adopts a portion of the law already declared without reference to any particular statute or part of statute, but which refers to the law generally which governs the subject, the reference includes not only the law in force at the date of the adopting act, but all subsequent laws upon the subject.  p. 504.

4. SALES.—*Conditional Sales.*—*Default.*—*Recovery of Money Paid.* —Where a sale of goods is made on condition that the title is to remain in the seller until they are paid for, but without any provision that the money paid shall be forfeited in case of default in

subsequent payments, the payments made, less all damages sustained by the seller, may be recovered by the purchaser if the seller exercises his right to retake the property on default.  p. 506.

5.  SALES. — *Conditional Sales.* — *Default.* — *Remedy of Seller.* — Where the purchaser of goods, sold on condition that the title is to remain in the seller until they are paid for, makes default in payment, the seller may either take possession of the goods or treat the sale as complete and sue for the balance of the purchase price; but if the goods are retaken the right to treat the sale as complete and sue for the balance of the purchase price is thereby abandoned.   p. 506.

From Elkhart Superior Court; *William B. Hile,* Special Judge.

Action by the Quality Clothes Shop against William H. Keeney.  From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Frazer & Frazer,* for appellant.

*Schuyler C. Hubbell, Lloyd L. Burris* and *George R. Harper,* for appellee.

IBACH, P. J.—Appellee purchased from appellant a stock of merchandise under an agreement which reserved the title thereto in appellant until the full purchase price was paid.  Appellee paid part of the consideration in cash when the stock of goods was inventoried, and a further payment when possession was obtained, but having defaulted in his first deferred payment, appellant demanded possession of the goods, which being refused, it brought this suit in replevin to recover them.

The complaint is in the usual form for such actions accompanied by the usual affidavit.  The first paragraph of answer was in general denial, and the second proceeded upon the theory that appellant should have refunded to appellee the money paid it before making default, but which it had failed to do.  Appellee also filed a counterclaim in which he demanded a return of the cash paid by him before making default, less the net proceeds of the business while he was in possession and in charge of the goods.  An

answer in two paragraphs was filed to the counterclaim, the first a set-off averring damages for a failure to complete the contract and the second a general denial. To the set-off appellee replied in general denial.

A demurrer to appellee's second paragraph of answer was sustained, the demurrer to the counterclaim overruled, and the demurrer to the first paragraph of answer to the counterclaim overruled. The cause being at issue was tried by the court, resulting in a general finding and judgment for appellant on its complaint, that it was the owner of and entitled to the possession of the stock of goods in controversy, subject, however, to the payment to appellee of $1,541.75 which was found to be due appellee on his counterclaim. The finding was also against appellant on the set-off to appellee's counterclaim.

Appellee argues that the form of the demurrer to his counterclaim is such that the court should not consider it, because it was not accompanied by a memorandum

1. stating wherein such counterclaim is insufficient for want of facts. We agree with this contention. By §355 Burns 1914, §350 R. S. 1881, a counterclaim is defined to be any matter "arising out of or connected with the cause of action * * * in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." By §358 Burns 1914, §353 R. S. 1881, it is enacted that "In any case where a set-off or counter-claim has been presented which in another action would entitle the defendant to a judgment against the plaintiff, the defendant shall have the right of proceeding to the trial of his claim, without notice, although the plaintiff may have dismissed his action or failed to appear." It would seem, therefore, that by the express language of the statute, a counterclaim is a complaint and the courts have held repeatedly that a counterclaim is similar in character to a complaint, and is in fact in the nature of a complaint against the plaintiff. It must be complete in itself and must be

good on demurrer without reference to any other pleading in the case. *State, ex rel.* v. *Fiscus* (1914), 181 Ind. 667, 105 N. E. 230; *Stoner* v. *Swift* (1905), 164 Ind. 652, 74 N. E. 248; *Conway* v. *Carpenter* (1877), 58 Ind. 477; *Wabash Valley, etc., Union* v. *James* (1893), 8 Ind. App. 449, 451, 452, 35 N. E. 919. We are satisfied that the act of March 14, 1911 (Acts 1911 p. 415, §344 Burns 1914), requiring a memorandum to accompany a demurrer to a complaint whenever the complaint is insufficient for want of facts, applies to counterclaims as well as to the original complaint filed in a case.

But if it should be conceded that the pleading in this case should be construed to be an affirmative answer, as is insisted upon by appellant, we are of the opinion that the same rules must be applied and that the demurrer to such answer to be sufficient must have been accompanied by a memorandum stating wherein such affirmative answer was insufficient. Before the act of March 14, 1911 (Acts 1911 p. 415, *supra*), was enacted, such memorandum as is now required to be filed with a demurrer was not necessary. Before the passage of this act there existed and still exists a statute which provides "Where the facts stated in any paragraph of the answer are not sufficient to constitute a cause of defense, the plaintiff may demur to it under the rules prescribed for demurring to a complaint." §351 Burns 1914, §346 R. S. 1881. Such being the rule under the old act, when it was amended so as to require the demurrer to a complaint for want of sufficient facts to be accompanied by a memorandum showing wherein the facts were insufficient, in all actions begun after the act was amended, it would seem that the demurrer to an answer for want of sufficient facts must be in the same form as a demurrer to a complaint, and must be accompanied by a memorandum, like the demurrer to a complaint.

2. The rule is that where an amended section of a general act is under consideration, as to all matters oc-

curring thereafter, such amended act is to be taken as if it had been a part of the original act, and also, where a number of statutes, whenever passed, relate to the same general subject-matter, they are in *pari materia* and are to be construed together. *Parks* v. *State* (1902), 159 Ind. 211, 215, 216, 64 N. E. 862, 59 L. R. A. 190; *Russell* v. *State* (1903), 161 Ind. 481, 68 N. E. 1019; *State, ex rel.* v. *Board, etc.* (1906), 166 Ind. 162, 76 N. E. 986. Also, when a statute which adopts a portion of the law already declared, makes no reference to any particular statute or part of statute by its title or otherwise, but refers to the law generally which governs a particular subject, the reference in such a case includes not only the law in force at the date of the adopting act, but also all subsequent laws upon the particular subject referred to. *State, ex rel.* v. *Leich* (1906), 166 Ind. 680, 682, 78 N. E. 189, 9 Ann. Cas. 302, and cases cited. We have therefore concluded that the demurrer to appellee's cross-complaint was not sufficient in form, and should not have been considered by the court. But appellant is not in any position to question the action of the court in overruling such demurrer, since, for reasons which will appear in the later discussion of the evidence, the cross-complaint was sufficient to withstand a proper demurrer.

The causes assigned in the motion for new trial are that the decision on the counterclaim is not sustained by sufficient evidence, and is contrary to law, and that the assessment of the amount of recovery is erroneous, being too large. An examination of the evidence shows no conflict so far as the material questions of fact are concerned. The facts are that on July 26, 1911, appellant sold to appellee a stock of merchandise and fixtures under a contract by which it was provided that appellee was to pay therefor $200 upon the execution of the contract and upon the completion of the inventory, which was to be taken on August

15, 1911, he was to pay the further sum of $1,800 in cash and then take possession of the goods. He was to pay the further sum of $4,000 on September 15, 1911, and for the balance of the purchase price, if any, he was to issue certain notes, in accordance with the terms of said agreement. The parties further agreed that the title to said goods and fixtures should remain in appellant until the cash payment should be made and the notes executed. A further agreement was that should appellee fail to comply with the terms of his contract as to the $1,800 payment he was to forfeit to appellant as liquidated damages, the $200 cash which was to be paid upon the execution 'of the contract. When the contract was executed, appellee made $200 payment and later, on August 15, 1911, the inventory of the stock of goods was taken and amounted to $9,641, and thereupon appellee paid to appellant the additional sum of $1,800, and at the time took possession of the stock and fixtures and with appellant's consent began to sell the goods at retail in the store, until he was dispossessed by the writ of replevin in the suit. The provision of the contract concerning the execution of the notes for the balance of the purchase price, appellant waived until after the additional sum of $4,000 had been paid. Appellee did not pay the $4,000 at the time it became due and appellant demanded a return of the goods and fixtures, but failed and refused to return any part of the cash paid by appellee. On September 18, 1911, appellant filed this suit in replevin, averring that it was the owner of and entitled to the immediate possession of the goods, and on September 20, 1911, it was given possession of the storeroom and stock of goods under and by virtue of the writ of replevin, and since that time has conducted the store, selling and disposing of the stock of goods and exercising full and complete ownership of the entire stock. Upon these facts counsel for appellant urge that there ought to have been no recovery against it.

It will be observed that the contract of sale in suit is a conditional one, wherein it is provided that the title to the goods sold shall remain in appellant until the cash payments were all made and the notes executed and in case of nonpayment, etc., the appellant should have the right to take possession of the property, but there was no provision that in case of default on appellee's part in the performance of any of the conditions to be performed, that prior payments should be forfeited. In the absence of such a stipulation, payments previously made, less all damages sustained by a vendor, may be recovered by the vendee when the vendor has retaken the property upon the vendee's default. 1 Beach, Contracts §§139, 140; *Preston* v. *Whitney* (1871), 23 Mich. 260, 264. In the case at bar the title to the property never passed from appellant and therefore never rested in appellee, consequently under the provisions of the contract appellant had two remedies. It could either take possession of the goods, which would amount to a disaffirmance of the sale and a termination of the contract, or it could treat the sale as complete and bring an action for the balance of the purchase price, and having instituted this suit and retaken the goods, they thereby abandoned the right to treat the sale as absolute and sue for the balance of the purchase price, and they must account to appellee on equitable principles for the amount paid on the purchase price less any damages to the property, together with the value of the use of the property by appellee. *Blake* v. *Hedges* (1860), 14 Ind. 566, 568; *Fruits* v. *Pearson* (1900), 25 Ind. App. 235, 57 N. E. 158; *Dantzeiser* v. *Cook* (1872), 40 Ind. 65, 68; *Gwynne* v. *Ramsey* (1884), 92 Ind. 414, 415; *Green* v. *Sinker, Davis & Co.* (1893), 135 Ind. 434, 436, 35 N. E. 262; *Smith* v. *Barber* (1899), 153 Ind. 322, 328, 53 N. E. 1014; *Jessup* v. *Fairbanks, Morse & Co.* (1906), 38 Ind. App. 673, 675, 78 N. E. 1050; *Preston* v. *Whitney, supra; Ross-Meehan, etc., Co.*

v. *Pascagoula Ice Co.* (1895), 72 Miss. 608, 18 South. 364; *A. D. Puffer & Sons Mfg. Co.* v. *Lucas* (1893), 112 N. C. 377, 17 S. E. 174, 19 L. R. A. 682; *Hays* v. *Jordan* (1890), 85 Ga. 741, 11 S. E. 833, 9 L. R. A. 373.

While appellant has cited some cases without this jurisdiction which seem to state as a general rule the doctrine that when property is sold with a reservation of the title, and possession is sought by reason of a default of the purchaser, all payments prior to the default become forfeited to the seller, yet an examination of these cases will show that in each instance the contract contained a forfeiture clause, either express or implied, by virtue of which all payments made upon the contract were to be forfeited to the vendor for the use of the property or as liquidated damages. When the question has been squarely raised and considered by the courts as in the case now before us, they have almost universally held that to entitle the vendor to retain money as his own paid him on a conditional sale, where he terminates the contract by retaking the goods on default of the buyer, the contract must contain an express clause forfeiting such payments. In view of the many cases to be found in support of this proposition, we do not feel called upon to discuss the question further.

Since appellant's contract did not contain a forfeiture clause of any kind and it took possession of the property under the contract, it selected the remedy which it considered most beneficial, and can not now complain because that election requires it to account to appellee for the payments made to it less its damages sustained. It follows therefore that the decision of the trial court upon the counterclaim is sustained by the evidence and is not contrary to law.

Judgment affirmed.

Note.—Reported in 106 N. E. 541. As to what constitutes a conditional sale, see 46 Am. St. 295; 94 Am. St. 234. As to purchaser's

right to recover back payments where seller retakes property, see 32 L. R. A. 465; 38 L. R. A. (N. S.) 891; 51 L. R. A. (N. S.) 251. As to construction together of contemporaneous statutes in *pari materia*, see 18 Ann. Cas. 424. See, also, under (1) 31 Cyc. 320; (2) 36 Cyc. 1164, 1223; (4) 35 Cyc. 711; (5) 35 Cyc. 696.