HOPKINS ET AL. *v.* MATTERS ET AL.

[No. 8,975. Filed April 21, 1916. Rehearing denied June 29, 1916. Transfer denied October 4, 1916.]

1. PLEADING.—*Demurrer.*—*Memorandum.*—An assignment of error predicated on the action of the trial court in overruling a demurrer to a plea in abatement presents no question for review where the record does not disclose that a memorandum was filed with the demurrer. p. 678.

2. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Motion to Dismiss.*—It was not error for the trial court to overrule a motion to dismiss as to two of the defendants named in the original complaint when, before the filing of the motion, an amended complaint was filed which did not make such defendants parties. p. 678.

3. APPEAL.—*Assignment of Errors.*—*Matters Assignable.*—Neither the assignment that the court erred in sustaining defendant's plea in abatement, nor that it erred in rendering judgment abating an attachment proceeding is a proper independent assignment of error, and no question is presented for review by either of such assignments. p. 678.

From Pulaski Circuit Court; *F. J. Vurpillat*, Judge.

Action by Byron M. Hopkins and others against Thomas H. Matters and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*H. R. Robbins*, *W. C. Pentecost* and *C. M. Haft*, for appellants.

*Ralph E. Horner*, *Robert E. Thompson* and *John M. Spangler*, for appellees

HOTTEL, J.—This is an appeal from a judgment rendered against appellants on their demurrer to a plea in abatement filed by appellee Matters. The errors assigned and relied on for reversal are as follows: "(1) The court erred in overruling the demurrer of the appellants to defendant's (Thomas H. Matters') plea in abatement. (2) The court erred in overruling appellant's motion to dismiss the cause of action as to James F. Fulton and Benjamin F. Lambert. (3) The court erred in sustaining defendant's plea in abatement. (4) The court erred in rendering judgment abating the attachment proceedings. (5) The court erred in abating the lis pendens notice. (6) The court erred in entering judgment of dismissal of the main action. (7) The court erred in entering judgment

of dismissal of the attachment. (8) The court erred in directing the clerk to dismiss the attachment proceedings, and in abating the cause of action."

It is insisted by appellee Matters that appellants have waived their right to be heard on the merits of their appeal by reason of certain irregularities in taking it, and on account of their failure to comply with the rules of the court in the preparation of their brief. However, for the purposes of a disposition of the case, it is not necessary to discuss or determine such questions. So far as the record and appellants' briefs disclose, no

1. memorandum was filed with the demurrer to the plea in abatement, and hence no question is presented by the first assigned error. *Pittsburgh, etc., R. Co.* v. *Home Ins. Co.* (1915), 183 Ind. 355, 108 N. E. 525; *Wagner* v. *Wagner* (1915), 183 Ind. 528, 109 N. E. 47; *Quality Clothes Shop* v. *Keeney* (1914), 57 Ind. App. 500, 106 N. E. 541.

No harm could have resulted to appellants by the ruling presented by the second assigned error.

2. This is so because appellants, before the filing of such motion and the ruling thereon, had been permitted to file an amended complaint in which Matters alone was named as defendant. Appellees Lambert and Fulton not being parties to such amended complaint, there was no reason for a motion to dismiss as to them, and hence no available error is presented by the ruling on such motion.

Neither the third nor the fourth assigned error is recognized as a proper independent assign-

3. ment of error, and hence no question is presented by either of such assignments. The disposition of the first assigned error, *supra,*

together with the fact that no question is presented by the appeal ·challenging the sufficiency of the evidence to sustain the decision of the trial court, in effect, disposes of the assigned errors from No. 5 to No. 8, inclusive. These several rulings and actions of the trial court are in accord with the finding and judgment abating the action, and are not erroneous, unless the court erred in its decision of the questions presented by the plea in abatement. There being no question, either of law or fact, properly presented against such plea, it follows that no available error is presented by either of the assigned errors Nos. 5 to 8 inclusive.

No reversible error being presented by the record the judgment below is affirmed.

NOTE.—Reported in 112 N. E. 248.