PFAFFLIN *v.* SCHMIDT, ADMINISTRATOR.

[No. 10,048.   Filed December 9, 1919.]

1. APPEAL.—*Findings.—Failure to Challenge.—Admissions.*—Failure to challenge the correctness of facts as found is an admission that the finding is correct and supported by the evidence. p. 504.

2. CONTRACTS.—*Rescission.—Question of Fact.*—Rescission is a question of fact.   p. 504.

3. TRIAL.—*Findings.—Facts Not Found.—Presumption.*—As to facts not found in a special finding of facts, it is conclusively presumed that they have not been proved.   p. 504.

4. VENDOR AND PURCHASER.—*Contract for Sale of Land.—Rescission.—Burden of Proof.*—In an action to recover money paid on the purchase price of real estate based on an alleged rescission of the contract involved, the burden is on the plaintiff to prove such rescission.   p. 504.

5. VENDOR AND PURCHASER.—*Real Estate Contract.—Vendor Ready, Able and Willing to Perform.—Action for Money Paid on Price.—Rescission.*—In an action based on alleged rescission of a contract

for the purchase of real estate, to recover money paid on the purchase price, a finding that the vendor and his administrator and heirs had always been ready, able and willing to carry out the contract, is an indirect finding against the plaintiff on the question of rescission. (*Dantzeiser* v. *Cook*, 40 Ind. App. 65, distinguished.)   p. 504.

6.   VENDOR AND PURCHASER.—*Nonperformance by Purchaser.—Remedies of Parties.*—Where, in an action to recover purchase money paid because of an alleged rescission, the facts fail to show any rescission at the time the action was begun, on account of the continuous readiness, ability and willingness of the vendor to convey upon payment of the balance, it does not follow that the vendor is entitled to hold the money paid and the title also, free from any claim of the purchaser: but the latter would have the right, any time before the vendor agreed to a rescission, to tender the balance due, demand a conveyance, and upon refusal, sue for the money paid; while the vendor, upon failure by the purchaser to perform upon demand or within a reasonable time, has the right to sue for specific performance, or to treat the contract as rescinded and sue for damages for its breach, or to foreclose the equity of the purchaser in the real estate.   p. 505.

From Marion Superior Court (97,552); *V. G. Clifford,* Judge.

Action by Herman J. Pfafflin against Charles L. Schmidt. On defendant's death Adolph Schmidt was substituted as his administrator. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*John W. Holtzman, Louis A. Coleman* and *John J. Kelley,* for appellant.

*Gavin & Gavin,* for appellee.

McMAHAN, J.—The appellant brought this action against Charles L. Schmidt to recover $1,200 paid by appellant upon a contract of sale of certain real estate. Pending suit and before trial, Charles L. Schmidt died and the appellee as his administrator was substituted as defendant. The complaint was in

one paragraph for money had and received. There was a trial by the court. On request of the parties, the court found the facts specially and stated its conclusions of law thereon.

The facts as found by the court are as follows: On July 11, 1912, the appellant and Charles L. Schmidt entered into a contract whereby said Schmidt agreed to sell and convey certain real estate to appellant for the sum of $3,675, the purchase price to be paid $1,200 cash and the balance with interest on or before six months. The contract provided that said Charles L. Schmidt should on demand furnish an abstract of title showing fee-simple title free and clear of all incumbrances except taxes for 1912. Appellant paid said $1,200, which was the only payment ever made by him under said contract, and the said sum had never been repaid to him; that at the time of the execution of said contract Charles L. Schmidt was the owner of said real estate in fee simple. In November, 1914, he and his brother, Adolph Schmidt, who is now the administrator of the estate of said Charles, executed and delivered to Christina Schmidt a warranty deed for a number of tracts of land, including that described in said contract, which deed was recorded in the recorder's office of Marion county, Indiana. Charles L. Schmidt at the time of the execution of said contract, and at the time of the execution of said deed to Christina Schmidt, and at the time of his death, was unmarried. There was no consideration paid for the execution of the deed by Charles L. and Adolph to Christina Schmidt, but Christina verbally agreed to protect and carry out the contract made between appellant and Charles L. Schmidt. Sometime in the fall of 1912, Emma Pfaf-

flin, wife of appellant, advised Charles L. Schmidt
that her husband was ill and would be unable to carry
out said contract, and said Charles L. Schmidt there-
upon stated to Mrs. Pfafflin that, if that was the case,
and he sold the property, he would be willing to pay
back the $1,200 with interest. In December, 1914, ap-
pellant, by his attorney, demanded of Charles L.
Schmidt that he repay said $1,200 with interest, which
demand was refused. Charles L. Schmidt died on
February 6, 1915, intestate, and left as his sole and
only heirs at law Minnie A. Claffey, Louis, Edward
H., Christina and Adolph Schmidt. Adolph Schmidt
was appointed administrator of the estate of Charles
L. Schmidt in February, 1916, by the probate court
of Marion county, Indiana, and at the time of the
trial was the duly qualified and acting administrator
of said estate. Said estate is solvent, and all the
debts and claims against the same have been paid
with the exception of the claim in controversy. Chris-
tina Schmidt, on January 15, 1915, reconveyed the
real estate mentioned in the contract to Charles L.
Schmidt, who thereafter until his death held the legal
title thereto. This action was commenced on Janu-
ary 18, 1915. Neither Charles L. Schmidt in his life-
time, nor his administrator or heirs, after his death
and prior to the time this cause was submitted to the
court for trial, ever tendered appellant an abstract of
title or deed for said real estate, nor did the appel-
lant nor any one on his behalf ever make a demand
of Charles L. Schmidt or his heirs or administrator
for such deed or abstract. Upon the trial of this
cause, the appellee as administrator tendered to ap-
pellant in open court a warranty deed executed by
all of the heirs of Charles L. Schmidt conveying to

appellant the property described in said contract and demanded payment of the purchase money, but said deed was not accepted, nor was the balance of the purchase money paid. Charles L. Schmidt at all times prior to his death was, and Adolph Schmidt as administrator of his estate together with all his heirs ever since his death were, ready, willing and able to convey said real estate to the plaintiff upon the payment of the balance of the purchase money. Upon these facts the court concluded as a matter of law that appellant take nothing. Judgment was rendered accordingly.

Appellant contends that the conveyance by Charles L. Schmidt to Christina Schmidt was an election on his part to rescind the contract, and that appellant when he demanded the return of the $1,200 treated the contract at an end and acquiesced in the rescission, and on the facts found is entitled to a judgment for the $1,200 and interest. In support of this contention appellant cites and relies on *Dantzeiser* v. *Cook* (1872), 40 Ind. 65; *VanAbel* v. *Wemmering* (1914), 33 S. D. 344, 146 N. W. 697; *James* v. *Burchell* (1880), 82 N. Y. 108, and *Pierce* v. *Staub* (1906), 78 Conn. 459, 62 Atl. 760, 3 L. R. A. (N. S.) 785, 112 Am. St. 163.

In *Dantzeiser* v. *Cook, supra,* the question arose upon demurrers to the complaint and answer. Dantzeiser and Cook in April, 1868, entered into a contract wherein the former agreed to sell and convey certain real estate to the latter of $2,200. The purchaser paid $200 cash and took a bond for a deed upon payment of the balance of the purchase price. In July, 1868, the purchaser paid an additional $65 on the purchase price. In November, 1869, Dantzeiser sold, and by

warranty deed conveyed the land to a third party. The complaint was by the purchaser, Cook, to have the contract declared and adjudged rescinded, and to recover the amount paid on the contract. The answer admitted the execution of the contract, and alleged that in October, 1869, the seller notified Cook that he was then ready to execute the deed, and demanded payment of the balance of the purchase price; that Cook refused to pay the balance due, saying that he, Cook, could use his money to better advantage in buying other land, that he would not accept a deed, and that he, Dantzeiser, need not make one.

Dantzeiser thereafter made an actual sale of the land to a third party and put it out of his power to carry out his contract with Cook. He deliberately sold the land with the intention and evident understanding that the title thereto should vest in his grantee. After such sale he was never ready, able or willing to convey the land to Cook. The court in the case just cited held that Dantzeiser by such sale concurred and acquiesced in the rescission of the contract, and that, the contract having been rescinded, the purchaser was entitled to recover back what he had paid. In discussing the question, the court cited with approval *Hansbrough* v. *Peck* (1866), 5 Wall. 497, 18 L. Ed. 520, wherein the court said: "No rule in respect to the contract is better settled than this: That the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refused to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done."

Dantzeiser had disabled himself by conveying the property to another, while in the instant case the court finds as a fact that Charles L. Schmidt, his administrator, and heirs, have at all times been "ready, willing and able to convey said real estate," upon payment of the purchase money.

*James v. Burchell, supra,* was an action brought to recover damages for the alleged failure of Burchell to perform a contract. Mrs. James, who was the owner of four certain lots in the city of New York, agreed to sell them to Burchell for $11,000 each; the purchaser was, within twenty days after the making of the contract, to commence the erection of a house upon each of said lots, each house to cost about $15,-000. Said houses were to be completed within seven months. The vendor was to advance $4,000 on each house to aid in its erection, and was given the right to execute a mortgage upon each lot to the amount of $15,000, and to convey same subject to said mortgage, in lieu of purchase money for the same amount. On the day this contract was executed Mrs. James conveyed said real estate to a third party subject to no incumbrance whatever. Butchell did not take possession under the contract and refused to erect the buildings for the reason that Mrs. James could give no valid title to the property. The court held that it was apparent from the terms of the contract that the purchaser relied on the present responsibility of Mrs. James, and, in the faith of an existing and perfect title in her, he was to take possession, erect valuable buildings and expend large sums of money; that the covenant that Mrs. James was the owner of the fee and the permission given her to mortgage were not only inducements for the expenditure of $60,000 by

the purchaser, but was a guaranty that no other incumbrances should be placed upon the property; that the title under the terms of the contract should remain in Mrs. James until the conveyance was delivered to the purchaser, and that the expenditures should not, under the peculiar provisions of the contract, be regarded as ordinary payments on account of the purchase money.

In *Van Abel* v. *Wemmering, supra,* the purchaser had expressed a desire to be released from the contract, and upon tender of a deed and demand refused to perform the contract. The next day the vendor placed a mortgage on the lands, and later brought an action for specific performance. The court there simply held that: ''Where the vendee gives notice, or by his acts indicates, that he will not be bound by the contract, and the vendor thereafter gives notice, or by his conduct performs acts inconsistent with his equitable right to enforce such contract, it will be deemed abandonment of strict equitable performance by both parties, so as to defeat specific performance.'' To which the court added the following statement: ''No opinion is herein expressed as to the legal rights of the parties in relation to said contract. The views herein expressed relate solely to the right and remedy of specific performance as applied to the particular circumstances of this case.''

In *Pierce* v. *Staub, supra,* the court held that there had been a rescission, and that the purchaser was entitled to recover back what he had paid. The court there announced the rule to be: ''That a party who advances money in part performance of a contract and then stops short and refuses to go on, while the other remains ready and willing to perform,

cannot recover back the money advanced." The vendor there claimed that the amount paid on the purchase price, amounting to over $60,000 had been forfeited and that he was entitled to both the land and the $60,000, which he had received on the contract. The court held that, under a statute of Connecticut, the case must be decided according to the rules of equity, rather than by the rules of law, and that, under the facts in the case, the purchaser was entitled to recover back what he had paid.

In the instant case, we are dealing with a special finding of facts, in which the facts differ materially from the facts in the cases cited by appellant.

1-4. The appellant, by failing to challenge the correctness of the facts as found by the court, admit that they are correctly found, and that they are supported by the evidence. In construing a special finding of facts, facts necessary to entitle the plaintiff to recover, and which are not found, are conclusively presumed not to have been proved. The burden was on appellant in this case to prove as a fact that the contract in question had been rescinded. Rescission is a question of fact. *Gwynne* v. *Ramsey* (1884), 92 Ind. 414; *Cromwell* v. *Wilkinson* (1862), 18 Ind. 365; *Fruits* v. *Pearson* (1900), 25 Ind. App. 235, 57 N. E. 158; *Goodman* v. *Haynes Automobile Co.* (1913), 205 Fed. 352, 123 C. C. A. 480. "It is a question for the jury whether the contract has been rescinded by the purchaser." 39 Cyc 2122.

5. Without any finding of rescission, as in the case here, appellant must fail. The finding that Charles L. Schmidt, his administrator, and heirs, have "always been ready, willing and able to carry out the contract of sale," is an indirect finding against appellant upon the question of rescission.

This is not a case where the seller is attempting to retain both the money paid on the contract and the real estate, and we are not to be understood as holding that the appellee is entitled to retain the $1,200 paid by appellant, and hold the title to the real estate free from any claim of appellant. What we hold is that, under the facts as found by the court, appellant failed to show that there was a rescission of the contract at the time this action was commenced. Under the facts as found by the court, appellant would have the right, any time before appellee acquiesced in or agreed to a rescission of the contract, to tender appellee the amount due on the contract, and demand a conveyance, and, upon a refusal to make such conveyance, to maintain an action to recover the amount of the purchase price paid. The appellee, upon failure of the appellant to perform upon demand or within a reasonable time, has the right to prosecute his action for specific performance, or he may treat the contract as rescinded, and bring his action against appellant for damages for breach of contract or to foreclose appellant's equity in said real estate.

It has been held that, where a party fails within a reasonable time to take affirmative action to default the other, rescission as a fact may be inferred. *Weitzel* v. *Leyson* (1909), 23 S. D. 367, 121 N. W. 868; *Handel* v. *O'Kelly* (1912), 22 Manitoba 562. The court did not err in its conclusions of law.

Judgment affirmed.