KOLLING *v.* MARTIN ET AL.

[No. 15,456. Filed April 17, 1937.]

*George Panea,* for appellant.

*Forrest E. Gantenbein* and *Edmond J. Leeney,* for appellees.

KIME, J.—This was an action by a complaint in one paragraph by appellant for the recovery of money paid to the appellees under a real estate contract, because appellees refused and neglected to execute a deed to appellant as in said contract provided. The appellees demurred to the complaint for the reason that it did not state facts sufficient to constitute a cause of action and the court sustained the demurrer. The appellant refused to plead further and judgment was rendered in favor of appellees. From this judgment this appeal is perfected assigning as error the ruling of the trial court in sustaining the demurrer.

The complaint was intended by the pleader, as disclosed by his briefs, as an ordinary count for money had and received and while it should not be used as a model pleading for such a count, the facts therein averred render it sufficient on demurrer. *Boos* v. *Lang* (1904), 163 Ind. 445, 71 N. E. 120. All that is necessary in pleading such count is set out in *Speck* v. *Kramer* (1925), 84 Ind. App. 646, 151 N. E. 37. However the complaint here shows that the appellees became indebted to appellant in the sum of $2,267.98; that the money was received by the appellees; that it was paid to them at their special instance and request; that it was paid by appellant to appellees upon a consideration which has wholly failed; that it remains due and unpaid; and that judgment is demanded for that sum. The complaint alleges that in consideration of the

payment of said money by appellant to appellees appellant was to receive a deed for the real estate involved. That the deed was never given although many demands were made therefor. The allegations show that on December 31, 1929, all the money was paid.

The memorandum attached to the appellees' demurrer proceeded almost wholly on the theory that a rescission of the contract was necessary before an action could be maintained and the trial court evidently adopted this theory. Rescission is a question of fact. The fact that the appellant did not within a reasonable time take affirmative action to default the appellees is sufficient from which rescission may be inferred. And the appellant upon the failure of appellees to give the deed within a reasonable time had the right to treat the contract as rescinded and proceed against them in any of several ways. *Pfafflin* v. *Schmidt, Admr.* (1919), 71 Ind. App. 496, 125 N. E. 431. It was the duty of the appellees to execute the deed within a reasonable time without any demand. *Maris* v. *Masters* (1903), 31 Ind. App. 235, 67 N. E. 699.

Whenever one party is guilty of such conduct as is here attributed to the appellees the appellant was at liberty to treat the contract as broken, in other words he may treat it as abandoned. Such abandonment is not technically a rescission but is merely the acceptance of the situation which the wrong doing of the appellees has brought about. *Anvil Min. Co.* v. *Humble* (1894), 153 U. S. 540, 38 L. Ed. 814, 14 Sup. Ct. R. 876.

This complaint is sufficient to withstand this demurrer and the court erred in sustaining the demurrer thereto. The judgment of the Lake Superior Court is reversed with instructions that the demurrer be overruled.

Curtis, J. not participating.